YAZOO & MISSISSIPPI VALLEY RD. CO. *v.* JACKSON.

Opinion delivered June 4, 1917.

1.  APPEAL AND ERROR—JURY VERDICT.—On appeal the verdict of a jury will not be disturbed where there is substantial evidence to support it.

2.  APPEAL AND ERROR—MULTIPLICATION OF INSTRUCTIONS.—It is not error for the trial court to refuse a requested instruction covered by one already given.

3.  WATERS—STANDING WATER—DAMAGES—OBSTRUCTION OF DRAINAGE. —Where a railway embankment caused water to stand on plaintiffs' property, they can recover damages from the defendant, although plaintiffs were required by a city ordinance to drain all water from their premises which stood there for twenty-four consecutive hours.

Appeal from Phillips Circuit Court; *W. R. Satterfield*, Special Judge; affirmed.

*Fink & Dinning*, for appellants.

1.  The pleadings here raise the same issue as on the former appeal of Jackson. 123 Ark. 1. It was error to refuse instruction No. 2 asked by defendants as the judgment was reversed on the Jackson appeal case for refusing it.

2.  Plaintiffs can not recover for the cost of filling up holes underneath buildings, which they were required to do by ordinances of the city of Helena. Instruction No. 15 requested by appellants should have been given.

3.  The action is barred by the three-years statute of limitation.

*P. R. Andrews* and *J. G. Burks*, for appellees.

1.  The evidence was conflicting, but the jury were the judges of the credibility of the witnesses, and their verdict as to the time the work was done and the damages is conclusive. 92 Ark. 569; 112 *Id.* 57, 507; 113 *Id.* 417; 70 *Id.* 136; 74 *Id.* 604; 102 *Id.* 57; 108 *Id.* 578; 67 *Id.* 47.

2.  Instruction No. 2, refused, was covered by No. 4, given. 99 Ark. 597; 88 *Id.* 524; 102 *Id.* 417; 88 *Id.* 433; 93 *Id.* 564; 89 *Id.* 178; 93 *Id.* 548; 83 *Id.* 61.

3.  Instruction No. 15 was abstract.  Because an ordinance of the city required appellees to fill all low places, does not release appellants from liability for the damages resulting from appellants' negligence.

4.  The action is not barred.  The proof shows that the roadbed was raised within three years and was the cause of the injury.

HART, J.  Appellees sued appellants to recover damages alleged to have been sustained by the appellants negligently raising their roadbed, which changed the flow of the water in front of appellees' premises and caused it to overflow the same.  Appellants denied liability and pleaded the statute of limitations in bar of the action.

The present action was commenced April 20, 1916. J. M. Jackson, one of the appellees, testified that he, Lydia Daggett, and Martha Green, the other appellees, each owned a one-ninth interest in lots 1, 2, 3, 4 and 5 on the west side of Natchez street, between Arkansas and Missouri streets; that there is a one-story brick building on lot 1 and two frame store buildings on lot 2, and six frame one-story houses on lots 3, 4 and 5; that the Louisville, New Orleans and Texas Railroad Company has a part of its roadbed on Natchez street in front of these store houses and that the Yazoo & Mississippi Valley Railroad Company has leased the road of its co-appellant and operates a railroad over the same; that in October, 1913, they raised their roadbed along Natchez street in front of appellees' store houses two or three feet and also obstructed a ditch or drain which had formerly carried off the water on the west side of Natchez street; that prior to the raising of the roadbed the waters had never overflowed their property or gotten under their houses; that the ditch or drain on the west side of the street had been sufficient to carry away all the surface water which flowed along there; that since the raising of appellants' roadbed appellees' store houses overflow every time there is a hard rain and that thereby causes water to stand under the floors of their store houses nearly all the time.  The city engineer of the city

of Helena, in which this property is situated, corroborated the testimony of Jackson in every respect. Other witnesses placed the whole amount of damages to the property at between nine and ten thousand dollars.

On the other hand evidence adduced by appellants tends to show that the work of raising the roadbed along Natchez street in front of appellees' store houses was completed in January, 1913, that the only work done in October, 1913, was raising the crossing at Missouri street and that this had no effect whatever in causing the waters to flow or accumulate under appellees' store houses.

It was also shown that in raising the roadbed appellants did not obstruct the ditch or drainage on the west side of Natchez street and that the work done by them did not cause water to flow or accumulate on appellees' premises after every hard rain.

The jury returned a verdict in favor of appellees in the sum of $3,000, and from the judgment rendered appellants prosecute this appeal.

J. M. Jackson originally instituted an action against these appellants to recover damages based upon this same cause of action. On appeal the court held that the raising of the embankment along Natchez street in front of these business houses was a permanent injury to the land and that the whole damage could not be recovered by one of the tenants in common. In other words the court held that in case of a tenancy in common, where there is a holding in severalty, each separate owner must sue for his share of the property or injury thereto. *Louisville, N. O. & Tex. Rd. Co.* v. *Jackson,* 123 Ark. 1. Lydia Daggett and Martha Green then joined with Jackson in instituting the present suit to recover the damages to their three-ninths interest in said premises. There was a sharp conflict in the testimony on all points. The witnesses for appellees testified in positive terms that the embankment along Natchez street in front of appellees' store houses was raised in October, 1913, and the witnesses for appellants were equally positive that this work

was completed in January, 1913, more than three years before this suit was instituted. The testimony of the witnesses for appellees also showed that when appellants raised their roadbed they obstructed the ditch or drain in front of the store houses of appellees, which had formerly carried off all the surface water on the west side of Natchez street and that now after every hard rain the water flows into their stores and accumulates in the low places under the floors.

On the other hand witnesses for the appellants testified that no ditch or drain was obstructed by the raising of the roadbed along Natchez street and that the store houses of appellees were not overflowed by the waters from Natchez street unless the gutters were stopped up; that when the gutters in front of the houses were free from obstructions no water flowed over the sidewalks and into the houses of appellees after every hard rain. Some testimony was adduced by appellants tending to show that the ground in the alley in the rear of the stores was higher than the floors of the stores and that water flowed from there into the houses.

(1) The amount of damages recovered by appellees was also proved. The jury were the judges of the credibility of the witnesses and by its verdict settled the conflict in the testimony. Under the settled rules of this court we can not disturb on appeal the verdict of a jury where there is substantial evidence to support it.

(2) Counsel for appellants insist that the judgment should be reversed because the court refused to give instruction number 2, asked by appellants. The instruction is as follows:

"The court instructs the jury that if it finds from the testimony in this case that the plaintiffs were not the owners of the property mentioned in the complaint at the time the alleged acts of negligence were committed by the defendant, then your verdict will be for the defendant."

It is true on the former appeal the court said that a precisely similar instruction was correct and that the

court erred in refusing to give it.    While the court refused the instruction requested, it did give instruction number 4, which is as follows:

"The court instructs the jury that if it finds from the testimony that the plaintiffs were the owners of the property mentioned in the complaint at the time of the commission of said acts of negligence jointly with other owners as tenants in common, then you will find for the plaintiffs only such *pro rata* parts of the damages sustained by the property through the negligent acts of the defendants, as their interest in the property bears to the whole interest in the property."    The instruction given limited the right of appellees to recover for the injury done to their share of the property.    It is well settled that the court is not required to multiply instructions on the same point and the court, therefore, did not err in refusing to give instruction No. 2, as requested by appellants.

(3)    Again it is insisted that the court erred in refusing to give instruction number 15, which is as follows:

"The court instructs the jury that the plaintiffs are not entitled to recover in this suit any sum that they might be required to expend for the purpose of filling up the low places beneath their buildings in such manner as to prevent water from standing thereunder and becoming stagnant."

There was introduced in evidence an ordinance of the city of Helena which requires the owners of all lots in said city to drain all places where water stands for twenty-four consecutive hours after raining has ceased, if drainage can be secured, and if not, it requires such owners to fill such places with dry, clean earth.

Counsel for appellants insist that inasmuch as a material part of the damage recovered in the present action was the cost of filling up low places under the floors, that appellees should be prevented from recovering this item of damages on account of the ordinance just referred to.    We do not agree with counsel in this contention.    The duty of appellees to the city of Helena

under that ordinance was a collateral matter and had no connection with the damages suffered by them on account of appellants raising their roadbed.

According to the testimony of appellees no water had been accustomed to flow or accumulate on their lots until the roadbed in front of the houses was raised and the ditch obstructed. If this act ·on the part of appellants caused water to stand on appellees' lots for more than twenty-four hours after a rainfall, appellees, under the ordinance would either be required to drain this water from their lots or to fill their lots up so that the water would not stand there. But because appellees would be required to do this under the police power of the city, such act affords no reason for releasing appellants from liability to appellees.

It follows that the judgment will be affirmed.