## TEMPLE COTTON OIL COMPANY *v.* DAVIS.

### Opinion delivered February 2, 1925.

1. APPEAL AND ERROR—FINAL ORDER.—An order sustaining a demurrer to a complaint is not a final judgment from which an appeal may be taken where plaintiff did not stand on the sufficiency of the complaint.

2. PLEADING—LIMITING TIME FOR AMENDMENT.—Although plaintiff has a right, under Crawford & Moses' Dig., § 1191, to amend his complaint upon a demurrer being sustained thereto, it was not an abuse of discretion to limit the time for filing such amendment to 30 days.

3. PLEADING—STRIKING AMENDED PLEADING.—It was not an abuse of discretion to strike an amended complaint for failure to file within the time fixed, where no excuse for such delay was offered in hearing of the motion, though an affidavit excusing the delay was filed after the final ruling on the motion.

4. LIMITATION OF ACTIONS—AMENDMENT ADDING NEW PARTY.—Where the assignor of a cause of action is a necessary party plaintiff under Crawford & Moses' Dig., § 1090, the assignment not being one authorized by statute, the cause of action is barred where no offer to make the assignor a party is made until after the period of limitation.

5. CARRIERS—NATURE OF ACTION FOR DAMAGES FOR DELAY IN TRANSPORTATION.—In a suit by the assignee of a cause of action for damages resulting from delay in transportation, where the complaint did not allege that the suit was on a bill of lading assigned to the assignee, such allegation will not be read into the complaint, even under the liberal construction of pleadings required by the Code.

6. ASSIGNMENTS—PARTIES.—In an action by the assignee of a cause of action for damages to goods from delay in transportation, not based on the bill of lading, the assignor is a necessary party, under Crawford & Moses' Dig., § 1090, whether the action is on contract or on the breach of public duty.

Appeal from Columbia Circuit Court; *L. S. Britt,* Judge; affirmed.

*Joe Joiner* and *Robert C. Knox,* for appellant.

The United Oil Mills was not a necessary party to the action, and the case relied upon by the trial court at 157 Ark. 333 does not govern the instant case. The bill of lading was assignable as was the cause of action arising therefrom. Sec. 475 C. & M. Digest, 87 Ark. 26;

85 Ark. 257. It was not necessary to join the assignor as a party. 93 Ark. 215; C. & M. Digest, §§ 786 to 796. See also 48 Atl. 607.

*Henry Stevens, J. R. Turney, T. J. Gaughan, J. T. Sifford, J. E. Gaughan* and *E. E. Godwin,* for appellee.

The bill of lading itself was not assigned. Merely the action growing out of it, and the assignment does not fall within § 475, C. & M. Digest. The assignor was a necessary party. C. & M. Digest, § 1090; 151 Ark. 207; 157 Ark. 333. The assignor not having been made a party until nearly four years had expired, both the assignor and the assignee are barred by the statute of limitations. Sec. 6950, C. & M. Digest; 157 Ark. 333. The assignee is also barred by act of Congress known as the Transportation Act. 41 U. S. St. at Large, 446; 163 Ark. 452.

SMITH, J. Appellant filed a complaint on January 26, 1922, containing the following allegations: Plaintiff is a domestic corporation, and is engaged in the manufacture of cottonseed oil, and is the successor of the United Oil Mills, and is the owner, by proper transfer and assignment, of all the property of the United Oil Mills, including the cause of action herein sued on.

That on October 22, 1919, J. A. Thomas delivered to the Louisiana & Northwest Railroad at Magnolia, Arkansas, a carload of seed, the property of the United Oil Mills, consigned to that company at Hope, Arkansas. The seed at that time were sound and were worth $2,116. To complete the delivery of the shipment it was necessary for the L. & N. W. Railroad to transport the car of seed on its line to Stamps, Arkansas, where the shipment was delivered to the St. Louis Southwestern Railroad Company, a connecting carrier and by the last named carrier delivery was made to the consignee. At the time of said shipment both railroads were under the control of and were being operated by J. C. Davis, the Director General of Railroads. The distance between Magnolia and Hope is approximately fifty miles, and the delivery of the seed

should have been made within about forty-eight hours after the receipt thereof, but, through the negligence of the carriers, delivery was not made' until November 4, 1919. That, on account of this unreasonable and negligent delay and as a direct result thereof, the seed became heated and spoiled, and were worthless at the time of delivery.

Upon these allegations there was a prayer for judgment against both railroads and the Director General of Railroads, the suit having been brought against them all.

The defendants filed a motion to require the plaintiff to state how and in what manner and by what instruments the claim of the United Oil Mills was transferred and assigned to the plaintiff, and that plaintiff be required to set out, as a part of its complaint, the originals or copies of the conveyances, bills of sale or assignments under which it claims to own the cause of action sued on.

In response to this motion plaintiff filed, on August 22, 1923, an assignment reciting that, for a dollar and other good and valuable considerations, the United Oil Mills "does hereby transfer, assign, set over and deliver unto the Temple Cotton Oil Company * * * a certain claim and demand (then follows a particular description of the consignment)," and plaintiff requested that its assignor be made a party plaintiff.

Upon this amendment to the complaint being filed, the defendants severally demurred to the amended complaint upon the ground that it appeared that the cause of action accrued to the United Oil Mills more than three years prior to the date when the plaintiff offered to make its assignor a party plaintiff, and that "on account of the United Oil Mills being barred by limitations it cannot now be joined as a party plaintiff in this suit, and that plaintiff, Temple Cotton Oil Company, cannot maintain this suit without joining United Oil Mills as a party plaintiff, and that the complaint as amended fails to state a cause of action against this defendant."

On September 11, 1923, the court sustained the demurrers, and allowed the plaintiff thirty days in which to amend, to which ruling plaintiff duly excepted. The amended complaint was not filed within thirty days, but, at the succeeding February, 1924, term of the court, plaintiff filed an amended and substituted complaint, alleging the facts hereinbefore recited, and alleging further that the agent of the L. & N. W. Railroad Company, acting also for the Director General of Railroads, entered into a contract with the United Oil Mills, which contract was in the usual form of a bill of lading by the terms of which it was agreed that said shipment should be efficiently and expeditiously transported " * * * from Magnolia to Hope." The amended complaint further alleged that on the —— day of ————, 1921, all the property of the United Oil Mills was foreclosed by an order of the Federal court for the Western District of Arkansas, and, under this decree, "all the title and interest of the United Oil Mills in and to all of the property which it owned in the State of Arkansas, including choses in action, and including this claim, was sold to the Temple Cotton Oil Company. That said foreclosure and sale was for the purpose of reorganization of the United Oil Mills, and that the Temple Cotton Oil Company is, in truth and in fact, the successor to and the continuation of the United Oil Mills; that, in order to protect the name of the United Oil Mills and preserve it, the charter of the United Oil Mills was not surrendered, and that, although said corporation exists, it is no longer active. That on the —— day of ————, 19——, the proper officers of the United Oil Mills, in order to perfect and complete the claims of the plaintiff in and to the cause of action herein, executed an assignment, which has been heretofore filed in this cause, specifically assigning this cause of action to the Temple Cotton Oil Company, and that, as such assignee and successor of the United Oil Mills, this plaintiff brings this suit.

"That this cause of action is founded upon a written contract for the delivery of property, to-wit: a bill of

lading, and is an action *ex contractu*. That the United Oil Mills is not a necessary party, but that, in order to prevent delay, the United Oil Mills is joined as a party defendant by the plaintiff herein. That said bill of lading and contract is not now in the possession of the plaintiff, by reason of the fact that it was necessary for the plaintiff to deliver same to the agent of the defendants before it could receive said shipment of seed, and that for said reason said contract cannot be attached as an exhibit to this complaint.''

After further allegations of damage to the seed, there was a prayer for judgment.

On February 11, 1924, the defendants filed a motion to strike the amended and substituted complaint from the files, for the reason that it was not filed within the time allowed by the court. This motion was sustained on the day it was filed and presented, and the court ordered the amended and substituted complaint stricken from the files, to which action the plaintiff duly excepted.

On the day following this order of the court, an affidavit was filed on behalf of the plaintiff, in which the loss of the original papers in the case was assigned as the reason for the delay in filing the amended and substituted complaint, and the court was asked to vacate the order striking the amended and substituted complaint from the files. The court refused to vacate this order, and dismissed the complaint, and the plaintiff has appealed.

The first question which naturally arises is whether the court erred in striking the amended and substituted complaint from the files as not having been filed within the time limited.

As has been said, the court sustained demurrers to the original amended complaint. This action did not constitute a final order from which an appeal could have been prosecuted, as plaintiff did not stand on the sufficiency of the complaint. Had it done so, the court would no doubt have dismissed the complaint, from which action an appeal could have been prosecuted. But the court

sustained the demurrer, allowing thirty days in which to file an amended complaint at that time. This thirty-day order was not made for the purpose of granting plaintiff the right to amend its complaint, as the statute provides that "if the court sustains the demurrer, the plaintiff may amend, with or without costs, as the court may order." Section 1191, C. & M. Digest. *Dickinson* v. *Hamby*, 96 Ark. 163. But the order was made limiting the time within which the amandment might be filed for the purpose of expediting the hearing, and a reasonable time was allowed for that purpose; at least we cannot say that any abuse of the court's discretion in this respect was shown.

At the time the court heard and disposed of the motion to strike, no excuse for the delay was offered. It is true that, on the day after this order was made, an affidavit was filed which might or might not have been adjudged sufficient to excuse this delay; but this affidavit was not filed until after the court had ruled on the motion to strike and had sustained it. If the plaintiff wished to offer any excuse for the delay in filing the amended complaint, the excuse itself should have been submitted to the court before the motion was finally passed on. Under these circumstances we are unwilling to say that the court abused the discretion which it must necessarily exercise to dispatch the business before it. *Cumbie* v. *St. L. I. M. & S. R. Co.*, 105 Ark. 406.

It follows therefore that the amended and substituted complaint, the allegations of which are set out above, is not properly before us for review, and we can consider only the sufficiency of the first complaint and the amendment thereto filed before the demurrer was sustained

The amendment to the original complaint sets up an assignment of the cause of action sued on to the plaintiff by the United Oil Mills, and offers to make the assignor a party But this amendment was not filed, and this offer to make the assignor a party plaintiff was not made until August 23, 1923, and, as appeared from the

face of the pleadings, this was more than three years after the cause of action had accrued.

It may be conceded, as contended by appellant, that it had the right to sue either *ex contractu,* counting upon the nonperformance of the contract to ship without delay, or to sue in form *ex delicto,* counting upon the violation of a public duty (*St. L. & N. A. R. R. Co.* v. *Wilson,* 85 Ark. 257), but the action in either form was barred when the offer to make the assignor a party plaintiff was made.

Plaintiff contends that this action is, in effect and in fact, a suit on the bill of lading, which was an agreement in writing that might be assigned, and which was assigned, and that the provisions of § 1090, C. & M. Digest, that, if the assignment of a thing in action is not authorized by statute, the assignor must be a party, as plaintiff or defendant, do not apply.

The complaint before us does not so allege. Indeed, the amended and substituted complaint itself, if it were before us, alleges that the bill of lading was surrendered to the carriers upon the delivery of the seed.

We are required, pursuant to the provisions of the Code, to construe pleadings liberally and to read into them, especially when considered upon demurrer, any allegations which, by fair intendment, they may be said to contain. But this rule of interpretation does not require us to read into a pleading an allegation which is entirely absent, and which, if present, would contravene the known course of business which would ordinarily have been followed by the parties in the matter out of which this litigation arose, that is, by surrendering the bill of landing to the carrier upon delivery of the car.

The complaint is one for damages, and it is nothing more, whether we interpret the cause of action as a suit for the breach of the contract of carriage, or for the violation of a public duty. The assignor—the person to whom the cause of action accrued—would, in either event, be a necessary party, and, this being true, § 1090, C. & M. Digest, applies.

The offer to make the United Oil Mills a party came too late. The case of *National Fire Ins. Co.* v. *Pettit-Galloway Co.*, 157 Ark. 333, is conclusive of this question. We there said that the refusal of the court to permit a new party to be brought in was not error where the cause of action as to him was barred.

We conclude therefore that the court properly sustained the demurrer to the complaint, and the judgment is affirmed.

HART, J., dissents.