**YOUNG v. GARRETT et al.**

**GILBERT et al. v. SAME.**

Nos. 12836, 12837.

Circuit Court of Appeals, Eighth Circuit.

May 9, 1945.

Rehearing Denied Aug. 8, 1945.

Charles E. Wright and J. R. Wilson, both of El Dorado, Ark., for appellant Young.

DuVal L. Purkins, of Warren, Ark. (James H. Nobles, Jr., of El Dorado, Ark., and A. A. Thomason, of Magnolia, Ark., on the brief), for appellants Gilbert and others.

J. P. Greve, of Tulsa, Okl. (R. H. Wills, of Tulsa, Okl., and C. W. McKay and W. D. McKay, both of Magnolia, Ark., on the brief), for appellees in both appeals other than Carter Oil Co.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

STONE, Circuit Judge.

These are separate but companion cases in each of which an alternative motion to dismiss or for summary judgment for defendants was filed. The grounds stated for dismissal were (1) failure to join indispensable parties plaintiff and defendant which would defeat diversity of citizenship and (2) no cause of action set forth. The ground stated for summary judgment was that the petition disclosed the action barred by limitation. Affidavits were filed by both parties in each suit.[1] The court consolidated the cases for hearing on the motions and delivered one opinion covering both cases. Judgments of dismissal for lack of indispensable parties were entered from which these appeals.

The two appeals will be covered by one opinion as they have most matters in common. Where necessary they will be examined separately herein. Each suit is in ejectment and for rents, profits and injury to the freehold and for injury to the freehold prior to title in plaintiffs. The land involved is 308 acres in Columbia County, Arkansas. In the Young case, plaintiff alleges title and right of possession to $\frac{5}{64}$ undivided interest in the land. In the Gilbert case, plaintiffs allege common ownership of a $\frac{1}{64}$ undivided interest in the land. Defendants are the same in each case (Levi Garrett, Asa C. Garrett, Frank Garrett, R. S. Foster, Mid-Continent Petroleum Corporation and The Carter Oil Company). In both cases, the charges against the defendants and the relief sought are substantially identical. As to the *individual* defendants, the charge is they (the Garretts as to part of the land and Foster as to the balance) "are now attempting to claim said lands and have occupied and used the same to the exclusion of the plaintiffs and have cut and caused to be cut and have converted to their own use the timber therefrom and have sold and attempted to sell interests in the oil and gas therein and have converted the same to their own use and have executed oil and gas leases thereon and caused wells to be drilled thereon and oil and gas removed therefrom and have converted the same to their own use, without accounting to the plaintiffs for their interest therein." As to the *corporate* defendants the charge is they have entered upon portions of the acreage "and drilled upon said tract two wells and have removed therefrom oil and gas and converted the same to their use without accounting to the plaintiffs for their interest therein." The relief sought is possession, an accounting to determine the rents, profits and damages, and judgment for amounts found due with interest thereon.

---

[1] Since all of the facts relied upon to show indispensability did not appear in the petitions, evidence concerning them was properly presented by affidavits (Rule 43(e), Rules of Civil Procedure, 28 U.S. C.A. following section 723c; Mechanical Appliance Co. v. Castleman, 215 U.S. 437, 445, 30 S.Ct. 125, 54 L.Ed. 272).

## Indispensable Parties.

The citizenship of the plaintiffs is: As to Young (No. 12,836), Illinois; and as to the Gilberts, Dismukes and Roberts (No. 12,837), Louisiana. The citizenship of defendants is: As to the Garretts and Foster, Arkansas; as to Mid-Continent, Delaware; and as to Carter, West Virginia.

Since the defect in parties has largely to do with persons related to the titles of plaintiffs in the two suits, it will be helpful in understanding the motions to dismiss to state the allegations in the petitions and in the attached exhibits as to such titles. These statements are identical up to the immediate acquirements by plaintiffs, at which point, Young acquires by deeds and the plaintiffs in No. 12,837 by descent. The petitions set forth a chain of title from the patent down to plaintiffs. Our interest begins with a deed from Wesley Arnold to Sarah E. Pace on April 15, 1867. Mrs. Pace died intestate in 1898, leaving nine living children as her only heirs.

Of these nine heirs, two (James M. Pace and Alex B. Pace) are living. The seven other children died intestate with or without issue as next set forth.

Martha Flewellyn Pace Hudgens died in 1899 leaving five children of whom two died intestate and three (Ethel Hudgens Watkins, John P. Hudgens and Isaac Hudgens) are living.

Casper Howell Pace died in 1914 leaving a daughter Hattie Elizabeth Pace Satterwhite now living.

William Solomon Pace died in 1934 without issue.

Amelia A. Pace Dismukes died in 1936 leaving a son (Corbin Dismukes) and two daughters (Geraldine Dismukes Roberts and Ellen Dismukes Gilbert)—Mrs. Gilbert has since died leaving two then minor daughters (Betty Jean Gilbert and Patsy Marie Gilbert).

Mary Christine Pace died unmarried December 27, 1939—being of unsound mind during her lifetime.

Bob Winfield Pace died in October, 1942, without issue.

Sarah Elizabeth Pace Young died in November, 1942, leaving two daughters (Christine Hart and Dana Walthall) and two sons (Howell Young and Charlie Young).

Plaintiff (Horace A. Young) in No. 12,-836 derives his title from three warranty deeds executed in December, 1942. Each deed conveyed the grantor's "entire undivided interest in and to" this tract of 308 acres and "all claims" for trespass on and injury to the land and for severance of timber, oil and gas therefrom.

The grantors in one of these deeds were Hattie Satterwhite, Ethel Watkins, J. P. Hudgens (and wife), I. T. Hudgens (and wife), James M. Pace, Alex Pace (and wife), Christine Hart and Charlie Young (and wife)—being the only living child (Hattie Elizabeth Pace Satterwhite) of Casper Howell Pace, the three living children (Ethel Watkins, J. P. Hudgens and I. T. Hudgens) of Martha Flewellyn Pace Hudgens, two of the nine children (James M. Pace and Alex Pace) of Sarah E. Pace and two of the four children (Christine Hart and Charlie Young) of Sarah Elizabeth Pace Young. The grantor in another deed was Dana Walthall the other daughter of Sarah Elizabeth Pace Young. Grantor in the third deed was Howell Young, the other son of Sarah Elizabeth Pace Young. Apparently, these deeds conveyed the entire ⅑ interest each of Casper Howell Pace, of Martha Flewellyn Pace Hudgens, of Sarah Elizabeth Pace Young, of James M. Pace, and of Alex Pace—being five of the nine children of Sarah E. Pace—with such additional interests as these grantors may have acquired, by inheritance, from William Solomon Pace, Mary Christine Pace and Bob Winfield Pace (children of Sarah E. Pace) who died intestate without issue. These grantors included all of the interests in this land except such as lay in Amelia A. Pace Dismukes and her descendants because of her one-ninth interest inherited from her mother Sarah Elizabeth Pace and such as came to her or her descendants by inheritance from William Solomon Pace, Mary Christine Pace and Bob Winfield Pace, who died intestate without issue. The plaintiffs in No. 12,837 are all of these heirs of Amelia. Although the allegations in the petitions and attached exhibits seem to cover the entire title to this tract of 308 acres, yet the Young petition states specifically that "The interest which the plaintiff claims in and to the property above described [the 308 acre tract] is the five-sixths of the one-ninth (⅚th of ⅑th) interest of Mary Christine Pace, deceased, which descended to his said grantors, and which was conveyed by them to him;" and the Gilbert petition is identical except it

claims the remaining one-sixth of this one-ninth interest, which "descended to them."

While differing in expression, the motions to dismiss amount to the same in substance. They charge that the indispensable parties plaintiff and defendant are the same in both cases—such plaintiffs being the present plaintiff in both cases, the grantors of Young, and the respective administrators of the estates of William Solomon Pace, Mary Christine Pace and Bob Winfield Pace, deceased; and such defendants being the present defendants and certain "residents and citizens of the State of Louisiana, including the Standard Oil Company of Louisiana, a Louisiana corporation." This alignment of parties would result in citizens of Arkansas being both plaintiff (the grantors of Young and the before stated administrators) and defendant (the present defendants—the Garretts and Foster); and in citizens of Louisiana being both plaintiff (the Gilberts, Corbin Dismukes and Geraldine Dismukes Roberts) and defendant (the "residents and citizens," including the Standard Oil Company of Louisiana)—thus destroying diversity.

The Court stated, in his opinion, as follows: As to No. 12,836, that the record before him "does not disclose conclusively" that the grantors of plaintiff Young had not conveyed all title, right and interest to the lands and oil and gas therein before these deeds to plaintiff "but the plaintiff is seeking to recover the rents, issues and profits derived from the land prior to the date of the deeds;" that "In such action the assignors are indispensable parties plaintiff." As to No. 12,837, that the grantors or assignors of Young (plaintiff in No. 12,836) were tenants in common with plaintiffs and indispensable parties plaintiff. As to both suits, that the administrators of the estates of Mary Christine Pace, of Bob Winfield Pace and of Sarah Elizabeth Pace Young were indispensable parties plaintiff as to recovery of any rents, issues and profits from their interests accruing prior to their deaths. As to both suits, that adding the above indispensable parties

plaintiff would destroy diversity since some of such parties and some of defendants were citizens of Arkansas. The Court gave no expression as to the Louisiana "residents and citizens." Since the Court determined (in No. 12,836) that the grantors of Young were indispensable parties and (in No. 12,837) that these grantors were (as tenants in common with plaintiffs) indispensable parties, it would seem the effect is necessarily that the plaintiffs in No. 12,837 are indispensable parties in No. 12,836, although the Court does not expressly state this and seems to leave it undetermined.

Appellees argue that in addition to the parties found by the Court to be indispensable there were others who were also indispensable and who would destroy diversity. It will be unnecessary to determine these additional contentions if the bases of the decision below are sound. Therefore, we examine whether (1) the grantors or assignors of Young, (2) the other heirs as tenants in common, or (3) the administrators are indispensable parties plaintiff.

■ In No. 12,836, the reason stated by the Court for regarding plaintiff's grantors as indispensable parties plaintiff was because they had *assigned* "the rents, issues and profits derived from the land prior to the date of the deeds" and there was no right in Young to recover such "without making the assignors parties plaintiff." In No. 12,837, the reason stated why "the grantors or assignors" were indispensable parties plaintiff was that they were "tenants in common with plaintiffs." Since these reasons depend upon different considerations, they must be examined separately. Before examining this issue as to indispensable parties, it is necessary to state which law governs—National or State. Where there are no specific national statutes (such as the provision as to assigned choses in action, Title 28 U.S.C. Sec. 41(1), 28 U.S.C.A. § 41(1)) or governing Rules, the Conformity Act (Title 28 U.S.C. Sec. 724, 28 U.S.C.A. § 724) applies and State law controls.[2]

■ (1) *As to assignors.* Section 1306

---

[2] N. & G. Taylor Co. v. Anderson, 275 U.S. 431, 436 and 437, 48 S.Ct. 144, 72 L.Ed. 354; Delaware County Commissioners v. Diebold Safe & Lock Co., 133 U.S. 473, 488, 10 S.Ct. 399, 33 L.Ed. 674; Franklin v. Conrad-Stanford Co., 8 Cir., 137 F. 737, 739; Joseph Dixon Crucible Co. v. Paul, 5 Cir., 167 F. 784, 786; Richter v. East St. L. & S. Ry. Co., D.C.E.D. Mo., 20 F.2d 220, 222; and see Penny v. Central Coal & Coke Co., 8 Cir., 138 F. 769, 773; State of Oklahoma v. Oklahoma Natural Gas Corporation, 10 Cir., 83 F.2d 986, 988, and Union Trust Co. v. Bulkeley, 6 Cir., 150 F. 510, 516, 517.

of Pope's Digest of the Statutes of Arkansas is "Where the assignment of a thing in action is not authorized by statute, the assignor must be a party, as plaintiff or defendant." The plain words of this statutory requirement have been applied by the Supreme Court of Arkansas both where the assigned thing was based on contract[3] and where on tort.[4] The rule is stated in Boqua v. Marshall, at p. 716 of 114 S.W. as follows:

"These statutory provisions leave the common-law rule in force as to causes of action not assignable under the statute, and, as to these, the rule still prevails that the assignment gives the assignee the right to control the action in the name of the assignor. Though the assignor may, under the statute, be brought in as a defendant, this provision does not abrogate the common-law right of the assignee to use the name of his assignor in an action to enforce the assigned right, for in law if assignor is deemed to be the owner where the right is not assignable."

■ The assignments here were of tort claims and assignments of such claims are "not authorized by any statute" of Arkansas.

■■ This law of the State of Arkansas is not affected by section 41(1), Title 28 of the United States Code, 28 U.S.C.A. § 41(1), concerning assignments of choses in action because that section does not apply to assignment of recovery for tort damages. Brown v. Fletcher, 235 U.S. 589, 597, 35 S.Ct. 154, 59 L.Ed. 374. Therefore, the assignors of Young were indispensable parties plaintiff in his suit (No. 12,836). Inclusion of such assignors would destroy diversity, hence, the dismissal of Young's case must be affirmed for that reason.

(2) As to tenants in common. The trial court stated that the "grantors or assignors of plaintiff Young are tenants in common with plaintiffs in Civil Action No. 164 [No. 12,837 here] and are indispensable parties plaintiff" in both suits. We have just examined the matter of the "assignors" of Young being indispensable parties in his

suit. We now examine whether those persons were indispensable parties in the Gilbert suit (No. 12,837) and whether the Gilbert suit plaintiffs were indispensable in the Young suit because all such were tenants in common. These grantors and the plaintiffs in the Gilbert suit were tenants in common by inheritance. A portion of this inheritance, both of the grantors and of the Gilbert suit plaintiffs, was the one-ninth interest derived from their aunt or great aunt Mary Christine Pace.

■ Rule 19(a) of Civil Procedure states that "persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants." As stated by the chairman of the committee which drafted the Rules, this Rule "deals with what we call the necessary joinder of indispensable parties and gives the court power to bring in all parties needed to fully dispose of the case. It gives the court power to omit parties not indispensable if by joining them the court would be deprived of jurisdiction of the case."[5] In respect to who are indispensable parties, this Rule is declaratory of the law (Equity Rule 37, 28 U.S.C.A. § 723 Appendix) as it existed before the Rule.[6] Before the Rule, indispensability of parties depended upon State law (citations in footnote 2).

In actions generally (Pope's Digest Sec. 1305) and to recover real estate (same Sec. 4638), Arkansas statutes require the action to be brought in the name of the real party in interest. By Section 1317, the court may determine a controversy only "when it can be done without prejudice to the rights of others [not parties], or by saving their rights." The latest Arkansas decisions dealing with tenants in common as parties are Spencer v. Pierce, 172 Ark. 108, 287 S. W. 1019, 1021; Yazoo & M. V. R. Co. v. Jackson, 130 Ark. 34, 196 S.W. 474, 475; Louisville, N. O. & T. R. Co. v. Jackson, 123 Ark. 1, 184 S.W. 450, 453, 454, Ann. Cas.1918A, 604.

■ The Louisville case was an action for damages to the freehold brought by an heir after partition of the land. The

3 Goode v. Aetna Casualty & Surety Co., 178 Ark. 451, 13 S.W.2d 6; Temple Cotton Oil Co. v. Davis, 167 Ark. 448, 268 S.W. 38, 40; Boqua v. Marshall, 88 Ark. 373, 114 S.W. 714, 716.

4 Temple Cotton Oil Co. v. Davis, 167 Ark. 448, 268 S.W. 38, 40; Chicago, R. I. & P. R. Co. v. Cobbs, 151 Ark. 207, 235 S.W. 995, 996.

5 This statement appears in Mr. Mitchell's "Second Lecture" on the Rules (West Publishing Co. print of the Rules, p. 182).

6 Capital Fire Ins. Co. v. Langhorne, & Cir., 146 F.2d 237, 241; United States v. Washington Inst. of Technology, 3 Cir., 138 F.2d 25, 26.

injury to the land was either before death of the ancestor or after death but before partition among the heirs. As to the latter situation, the holding (123 Ark. 1, 184 S.W. pp. 453, 454, Ann.Cas.1918A, 604) seems to be that a tenant in common can sue for his proportionate interest of the damage to the freehold but only all of the tenants in common can recover the entire damage, and, where the interest is held in severalty, each former tenant in common *must* sue for his aliquot part of damage resulting from injury caused while the land is held in common—as to the last thought in the preceding sentence, see the Yazoo case, 130 Ark. 34, 196 S.W. 475. The Spencer case seems direct authority that one tenant in common may recover land and damages for trespass thereon from a third person trespasser (p. 1021). Since the action in each of the cases before us is by a tenant (No. 12,836) or tenants (No. 12,837) in common against third person trespassers for his or their separate damage caused by injury to the common freehold, we conclude that the above Louisville and Spencer cases determine that it is not indispensable that the plaintiff or plaintiffs in either of these two cases be joined as party or parties plaintiff in the other.

(3) *Administrators.* A third determination of the trial court was that the administrators of Mary Christine Pace (as to any injury to the freehold occurring before her death) and the administrators of Bob Winfield Pace and of Sarah Elizabeth Pace Young (as to any injury to the freehold derived from Mary by either Bob or Sarah which occurred after the death of Mary and before the deaths, respectively, of Bob and of Sarah) were indispensable parties plaintiff since defendants had been in adverse possession before the death of Mary and since the above described respective rights of recovery for injury to the freehold vested solely in the respective administrators.

The Court found that defendants in both cases had been in possession of the land "long prior to the death of Mary Christine Pace" and that this land "began producing oil and gas in large and paying quantities early in 1940." Mary died December 27, 1939; Bob died in October, 1942, and Sarah died in November, 1942. Thus it is clear that part of the recovery sought in each of these cases arose from trespass on and injury to the freehold between the death of Mary on one hand and the deaths of Bob and of Sarah. Also, since the trespass began "long prior to the death of Mary," the petition (as drawn) would cover recovery for injury during her lifetime.

Administrators were appointed for the estate of each. If the right of recovery for this character of injury existing at time of death passes to an administrator or executor and not to the heirs, it is obvious that these three administrators are indispensable parties plaintiff in each of these cases.

■ Section 1273, Pope's Digest of the Statutes of Arkansas declares "For wrongs done to the person or property of another, an action may be maintained against the wrongdoers, and such action may be brought by the person injured, or, after his death, by his executor or administrator against such wrong-doer * * * in the same manner and with like effect in all respects as actions founded on contracts." That rule has been applied to damages to real property where the injury was to the freehold (Louisville, N. O. & T. R. Co. v. Jackson, 123 Ark. 1, 184 S.W. 450, 453, Ann.Cas.1918A, 604).

■ Appellants seek to avoid the result by urging application of Section 1 of Pope's Digest which is, in effect, that "when all the heirs of any deceased intestate and all persons interested as distributees in the estate of such intestate are of full age, it shall be lawful for them to sue for, recover and collect all demands * * * left by the intestate" if the creditors of the estate consent or if there are no liabilities of the intestate or if all demands and debts against the estate have been paid by the heirs and distributees. This provision is of no avail here because two of the heirs (Betty Jean and Patsy Marie Gilbert) are minors. However, if this statute is to be read as requiring "all" of the heirs to join in such an action, then the plaintiffs in the Gilbert case (No. 12,837) and the grantors of Young in his case (No. 12,836) would have to be joined as indispensable parties plaintiff and this would destroy diversity.

■ Also, appellants contend that an administrator has, under Arkansas law, no right or title in lands of his intestate except to pay debts; that this record shows no debts were owing by any of these intestates, and, therefore, these administrators are not indispensable parties. No Arkansas decisions are cited and we have found

none which, because of the situation just recited, relieve from the requirements of Section 1273, supra, and the Jackson case. We think these administrators are necessary parties plaintiff in each of these two cases and for that reason the dismissal was proper in each of the cases.

Appellees have pressed other reasons why indispensable parties are lacking which would destroy diversity. We do not examine them as we determine that the grantors of Young and the administrators of the three estates were absent indispensable parties in the Young case (No. 12,836); that the administrators were absent indispensable parties plaintiff in the Gilbert case (No. 12,837); and that the inclusion of these absent parties in each of the cases would destroy diversity since it would result in citizens of Arkansas being both parties plaintiff and parties defendant.

The judgments of dismissal must be and are affirmed.