# Richmond.

CHARLES S. GRANT V. VIRGINIA BEACH BUS LINE, INCORPORATED.

March 19, 1931.

Present, Campbell, Holt, Epes, Hudgins and Browning, JJ.

The opinion states the case.

*William L. Parker* and *Henry Bowden,* for the plaintiff in error.

*W. R. Ashburn,* for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

This was an action by notice of motion brought by the Virginia Beach Bus Line, Incorporated, against Charles S. Grant, seeking to recover the sum of $1,103.05, alleged to be due plaintiff from the defendant for money had and received. In addition to the plea of the general issue, defendant filed a special plea of set-off, alleging that plaintiff was indebted to him in the respective sums of $750.00, due as compensation for services rendered as retained counsel under a verbal contract, and $250.00 for general services rendered as an attorney. During the trial the plaintiff admitted that it was due defendant a fee of $50.00 for services rendered, which reduced its claim to $1,053.05.

There was a trial by jury which resulted in a verdict for the plaintiff in the sum of $150.00, which upon its face makes plain the fact that the item of $750.00, claimed by Grant as an offset, in the judgment of the jury was one to which he was entitled. The court, however, was of opinion that there was error in this, and added that sum to the $150.00 item for which verdict had been returned, and entered judgment for the sum of $900.00.

The action of the court in entering judgment for the plaintiff is assigned as error.

The alleged claims of indebtedness of the respective litigants arise out of these facts:

In February, 1928, Messrs. P. W. Bogert and H. A. Williams, Jr., of Norfolk, were desirous of acquiring all of the outstanding capital stock of Virginia Beach Bus Line, Incorporated, and thereby owning the company. They procured an option on this stock at the price of $73,000.00. In order to procure funds with which to consummate the purchase, they applied to Maraden J. Perry, a banker of Providence, Rhode Island, the step-father of Bogert, who, after causing an investigation of the value of the property of plaintiff company to be made by his auditors, and after sundry negotiations with Williams and Bogert, consented to make the loan, it being agreed that he should take as security the note of Virginia Beach Bus Line, Incorporated, endorsed by Messrs. Bogert and Williams, with the stock of the company as collateral, except a block of common stock which was to be given him as a bonus for making the loan. The consummation of the loan transaction was predicated upon an investigation of the value of the franchise rights of the bus company by Perry's attorneys, Lockwood and Redfield, of New York city; upon their approval of the value of the franchise and the company's physical properties; and upon the affairs of the company being, in general, satisfactory to his legal representatives. In order to make the necessary investigations and to consummate the transaction of stock purchase, and to close the entire transaction, the New York firm associated with it as Virginia counsel the defendant, Grant. It was clearly understood by all of the parties that Mr. Grant was employed by the New York firm in behalf of Mr. Perry to whom he was to look for compensation, and that neither the bus company, nor Williams, nor Bogert were to be responsible to him for any of the services which he was to render.

The legal work was completed, the stock duly transferred to Williams and Bogert who endorsed same to Perry as col-

lateral for the loan, and the entire transaction was completed in all of its essential features before the middle of March, 1928. At the instance of Perry's New York attorneys, Grant was elected a director of the bus line in order to safeguard the lender's interest. As an incident of the stock transfer from the former owners to Williams and Bogert, and the pledge of the stock as security for the loan, Perry's attorneys required the former owners to deposit $5,000.00 with the defendant, Grant, in escrow, out of which to pay any current bills of the bus line incurred before February 29, 1928, it having been agreed that the company should be free from debt as of that date. Under this agreement Grant was to pay all bills of the company presented within the ensuing sixty days, and at the end of that period was to remit the balance remaining to the sellers of the stock in the proportion to which each was entitled thereto. By subsequent agreement between all of the parties, it was arranged that the corporation should pay these bills as presented, for its convenience and to maintain its credit, and that it should look to the escrow fund in Grant's hands for reimbursement. During the sixty-day period the plaintiff paid $1,103.05 under this arrangement, and it was for the recovery of the amount so paid that this suit was instituted.

The defendant having completed the work for which he was employed in behalf of Perry, presented a bill to Perry's New York counsel for the sum of $1,500.00. Counsel for Perry protested the amount of the fee charged and requested that it be reduced to $750.00, and, as testified by defendant, suggested that he request the plaintiff to pay one-half of the bill rendered Perry.

No contention is made by the defendant that he performed any services for the plaintiff during the negotiations. It is conceded by him that the item of $750.00 was a part of the $1,500.00 fee primarily charged to Perry, and that in no sense

was the plaintiff indebted to him on this score until after certain negotiations which will be hereafter adverted to.

The sixty-day period provided for in the escrow agreement having expired and all outstanding bills having been paid, plaintiff demanded of the defendant the payment of the sum of $1,103.05, the balance of the $5,000.00 turned over to defendant. It is the contention of defendant that pursuant to the request of counsel for Perry he entered into a verbal agreement with Williams and Bogert, under the terms of which he was to be paid the sum of $750.00 (the amount of the unsettled claim against Perry); that payment was to be made at the rate of fifty dollars per month; that plaintiff assumed the payment of the $750.00 claim of defendant against Perry; that the assumption of the debt was in the nature of a retainer fee, payable by plaintiff for a period of fifteen months; and that by virtue of this agreement defendant relinquished all claim against Perry.

The answer of plaintiff to this contention is that it did not assume the payment of defendant's claim against Perry; that it was in need of the services of an attorney and that it merely agreed to employ defendant as retained counsel for an indefinite period at a salary of fifty dollars per month.

It is, in our view, unnecessary to deal with the legal question raised in the briefs and argument of counsel as to whether plaintiff, without taking corporate action, could be bound by the agreement of its officers to pay the allegel debt of Perry. It may be conceded, for the sake of argument, that the acts of plaintiff's officers were of such a nature that ordinarily it would be bound if the contract entered into was an executed contract. The question in issue, in our opinion, is merely one of fact.

Before he could recover in his cross-action the sum of $750.00, the burden was upon the defendant to show by a preponderance of the evidence that the contract relied upon was fully executed and that plaintiff agreed for a valuable consideration to assume the payment of Perry's debt. While

it is true that defendant testified that such an agreement was finally completed, the written evidence in the case does not bear out his contention. In a letter to Perry's counsel defendant stated "* * * having made satisfactory arrangements direct with the company I accept your suggestion that my bill to Mr. Perry be reduced $750.00 and upon receipt of your check for this sum, I understand that accounts between Mr. Perry and myself are balanced."

It is to be observed that no suggestion is made by defendant that plaintiff had assumed payment of Mr. Perry's indebtedness. That the minds of the parties did not meet on the main question of the payment of the $750.00 item is evinced by the correspondence between the parties. Defendant, on June 28, 1928, wrote P. W. Bogert, president of the plaintiff, this letter:

"Confirming conversation between you, Mr. Williams and myself yesterday, the Virginia Beach Bus Line retains me as of February 29, 1928, for a term of fifteen months, upon a basis of fifty dollars ($50.00) per month, payable in advance on the first of each month.

"I hold as escrow agent the sum of $1,103.05, belonging to the corporation, and, pursuant to the above understanding, after deducting fees for the months of March, April, May, June and July, hand you herewith my check for $653.05.

"My understanding of this retainer basis is that it covers only general consultation and advice."

In reply to the above letter, plaintiff wrote defendant on June 29th:

"We are herewith returning you your check for the sum of $653.05.

"I have discussed this matter very carefully with Mr. Williams and have reached conclusion that we are very much dissatisfied with the manner in which you have held up the fund of $1,103.05 held by you under an escrow agreement.

"You were employed by the New York interests to settle the purchase of the bus line, and so far as we are concerned

were paid for your services in that connection. The agreement that we reached with you to retain you for $50.00 per month was reached on yesterday, except for the services that you rendered in going to Richmond, which we owe you a reasonable sum therefor.

"We, therefore, must insist that you forward us your check for the sum held under the escrow agreement, that is $1,103.05, together with a bill for your services for making the trip to Richmond, which will be promptly paid, if reasonable."

On the same day defendant replied:

"I acknowledge receipt of your letter of today, together with the return of my check to the order of the company for $653.05.

"I made a contract with your company yesterday, and today you repudiate it, and accordingly I do not know where I stand. Will you not either be good enough to call upon me promptly, or to advise when I may see it, in order that this difficulty may be settled amicably, if possible.

"I hereby resign as director of Virginia Beach Bus Line, Inc., my resignation to be effective immediately."

In this state of the evidence the trial court gave this instruction to the jury:

"The court instructs the jury that if the only agreement by the plaintiff was the agreement of June 28th to hire defendant for $50.00 per month for services to be thereafter rendered and to pay monthly thereafter for such services, then the defendant cannot recover any part of the amount of $750.00 claimed to be due by contract."

The instruction fully presented to the jury the sole issue in this case. The record clearly discloses that defendant has failed to carry the legal burden of showing that there was an assumption by the plaintiff of Perry's debt and that the verdict of the jury in his favor is without evidence to support it.

The judgment of the trial court must be affirmed.

*Affirmed.*