## N. & G. TAYLOR COMPANY, INC., *v.* ANDERSON ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 114. Argued December 5, 1927.—Decided January 3, 1928.

1. Section 18 of the Illinois Practice Act, allowing the assignee of a non-negotiable contract to sue on it in his own name and requiring him to show on oath his ownership and source of title, will be applied by the federal courts sitting in that State. · P. 437.
2. By the law of Illinois, as established by the State Supreme Court, a declaration under § 18 *supra* that does not make the required showing as to ownership and source of title, fails to state a cause of action; and a cause of action set forth in a declaration amended to comply with the section is barred if the period fixed by the statute of limitations has expired when the amended declaration is filed. P. 437.
3. Section 954 of the Revised Statutes governing amendments in the federal courts, is to be liberally construed. P. 438.
4. Where the filing of an amended declaration has been allowed under § 954, the question whether the declaration states a new cause of action barred by the statute of limitations, depends upon the substance of the change made by the amendment. P. 438.
5. A partnership made a contract to purchase oil and vendors defaulted. The members of the partnership formed a corporation, named as the partnership was with the word "Incorporated" added, which took over the firm's assets and liabilities, including the contract, and carried on the business. The corporation sued on the contract in the federal court sitting in Illinois, describing it as one made with the corporation directly, without mention of the partnership, and later, when the period of the

statute of limitations had expired, filed an amended declaration claiming as assignee. *Held* that the amendment was not one of form, which could relate back to the beginning of the action, but substituted a new cause of action barred by the statute. P. 439.
14 F. (2d) 353, affirmed.

CERTIORARI, 273 U. S. 681, to a judgment of the Circuit Court of Appeals which affirmed a judgment of the District Court sustaining a plea of the statute of limitations in an action on contract brought in Illinois by a Maryland corporation.

*Mr. Henry S. Drinker, Jr.,* with whom *Messrs. Robert W. Childs, Walter E. Beebe,* and *Edwin A. Lucas* were on the brief, for petitioner.

Admittedly plaintiff's declaration, as amended, fully satisfied the requirements of the local practice, as construed by the Illinois courts. The Illinois decisions which the majority of the court below felt bound to follow did not involve the construction of § 18 of the Practice Act, which is too clear for construction; but dealt with the question as to what constitutes a different cause of action—a matter of general fundamental law—and with the effect of amendments—a matter regulated by the federal statutes.

Federal courts are not bound by state decisions relative to the allowance and effect of amendments. The federal courts recognize that there may be both a defective and a proper statement of the same cause of action, and that the insertion of an allegation which did not " set up any different state of facts as the ground of action," *M. K. & T. R.* v. *Wulf,* 226 U. S. 570, did not state a new cause of action, but " merely expanded or amplified what was alleged in support of the cause of action already asserted." *N. Y. Central Ry.* v. *Kinney,* 260 U. S. 340

The power of the courts of the United States to allow amendments, and the liberal practice adopted by them in

exercising this power, do not depend on state statutes or on state practice. *Bowden* v. *Burnham,* 59 Fed. 752; *Mexican Cent. Ry.* v. *Duthie,* 189 U. S. 76; *Illinois Surety Co.* v. *Peeler,* 240 U. S. 214; *Norton* v. *Larney,* 266 U. S. 511.

Amendments, when allowed, relate back to the date of the filing of the pleading which they amend. *Missouri etc. R. R. Co.* v. *Wulf,* 226 U. S. 570; *Underwood Co.* v. *Davies,* 287 Fed. 776.

The present cause of action accrued direct to the plaintiff corporation, which stepped into the shoes of the partnership while the contract was being performed and before the breach was complete, and took the place of the partnership in the performance of the contract. It was not until March 20, 1917, when plaintiff refused further to condone defendants' scanty deliveries and wrote that they would buy this oil elsewhere, that this cause of action accrued, and it then accrued to the corporation.

There was no assignment to a distinct third party. The two partners merely changed the form of their organization. Even this change was complete before the final breach by defendants, which breach was with the plaintiff corporation.

When a defendant, from the institution of the suit, has been fully advised by the pleadings as to the particular transaction on which the claim is based, the federal courts do not permit him to defeat a just claim merely because of the original omission of some fact, which, while necessary to a complete technical cause of action or required to make the pleadings conform to state practice, was totally unnecessary to advise defendant adequately of the essential nature and basis of the claim. Cf. *American R. R.* v. *Birch,* 224 U. S. 547; and *M. K. & T. Ry.* v. *Wulf,* 226 U. S. 570. See also *Illinois Surety Co.* v. *Peeler,* 240 U. S. 214; *Friederichsen* v. *Renard,* 247 U. S. 207; *N. Y. Cent.*

*R. R.* v. *Kinney,* 260 U. S. 340. These decisions of this Court make it clear that the assertion by suit of the cause of action, effective to toll the statute, consists in a clear statement of the basic facts on which the claim is founded, and not in a mere statement or elaboration of the history of the controversy, or of the precise capacity in which the plaintiff sues.

The federal decisions are full of instances in which the courts of the United States, acting pursuant to the broad powers and discretion conferred by § 954, have refused to permit a party to defeat a just claim by taking advantage of a mere error in pleading by the other side, not affecting the substantial rights of the parties and not discovered until after the limitation period had expired. *McDonald* v. *Nebraska,* 101 Fed. 171; *Willitts & Patterson* v. *Texas Refining Co.,* 2 F. (2d) 547; *Middlesex Banking Co.* v. *Smith,* 83 Fed. 133; *Dittgen* v. *Racine Paper Co.,* 164 Fed. 85, 171 Fed. 631; *Johnson & Co.* v. *Staenglen & Muller,* 85 Fed. 603; *Patillo* v. *Allen West Co.,* 131 Fed. 680; *Quaker City Cab Co.* v. *Fixter,* 4 F. (2d) 327; *Van Doren* v. *Penna. R. R.,* 93 Fed. 260; *Railroad* v. *Horst,* 93 U. S. 291.

*Mr. Hobart P. Young* for respondents.

What the plaintiff corporation took over from the partnership was a cause of action which then existed in favor of the partnership and against the defendants for damages for breach of contract during the months of November and December, 1916. What happened in March, 1917, was merely that the corporation notified the defendants that it had terminated the contract because of the poor performance in the matter of deliveries. The present cause of action did not accrue to the plaintiff corporation.

If the plaintiff acquiesced in the failure to make deliveries until March 20, 1917, then only such damages as accrued subsequent to that date and until the end of

the term of the contract, which was June 30, 1917, could be recovered. If no claim accrued until March 20, 1917, then no claim existed which N. & G. Taylor Co., the co-partnership, could have assigned to the corporation on February 1, 1917.

Under the Illinois decisions, the plaintiff stated a new cause of action in the amendment. *Allis-Chalmers Mfg. Co.* v. *Chicago*, 297 Ill. 444; *Gallagher* v. *Schmidt*, 313 Ill. 40. The Illinois decisions are not mere inferences from § 18 of the Practice Act.

There was no attempt, not even a defective attempt, to state a cause of action under the statute. Had the plaintiff's declaration stated that it was the actual, *bona fide*, owner of the chose in action, but had omitted to state how and when it obtained title, there would have been a defective statement, fatal under the Illinois decisions; but assuming that, under the federal decisions, it would be held that this could be cured by amendment without being barred by the statute of limitations, yet such a holding would not help the plaintiff in error here, because that question is not in this case.

The decisions of the supreme court of a State construing its practice acts are binding on the federal courts. *Atlantic & P. R. Co.,* v. *Hopkins*, 94 U. S. 11; *Elmendorf* v. *Taylor*, 10 Wheat. 153; *Memphis St. Ry.* v. *Moore*, 243 U. S. 299; *Old Colony Trust Co.* v. *Omaha*, 230 U. S. 100; *Chicago* v. *Obermayer Co.*, 268 Fed. 237; *Nederland Ins. Co.* v. *Hall,* 84 Fed., 278; *Great Sou. Ins. Co.* v. *Burwell*, 12 F. (2d) 244, certiorari denied, 271 U. S. 689; *Jones* v. *Prairie Oil Co.*, 273 U. S. 195; *Irving Nat. Bank* v. *Law*, 9 F. (2d) 536, 10 F. (2d) 721.

The contract as far as it was unexecuted was not assignable.

MR. JUSTICE BUTLER delivered the opinion of the Court.

N. & G. Taylor Company, a partnership composed of Taylor and Justice, had long been engaged in the manu-

facture of tin plate. November 1, 1916, respondents and that partnership entered into a contract by which the former agreed to furnish, in fairly equal monthly quantities, and the latter agreed to take and pay for the fuel oil required by it, estimated at 1,200,000 gallons, for the eight months ending June 30, 1917. On January 31, 1917, the partners caused petitioner to be organized, giving it the name of the partnership with the word " Incorporated " added. As of February 1, 1917, the corporation assumed the liabilities of the partnership and took over all its property and has since carried on the business.

The petitioner commenced this action in the northern district of Illinois, eastern division, March 7, 1918. The declaration alleged an agreement between respondents and petitioner for the delivery of the oil, a breach by respondents, and resulting damage. No reference was made to the partnership, the contract between it and respondents, the subsequent creation of petitioner or its acquisition of the business. At the trial in May, 1924, petitioner by leave of court filed an amended declaration alleging that respondents and the partnership made an agreement for the oil in question; that on February 1, 1917, petitioner became the owner of all the assets of the firm including the agreement and all rights appertaining to it; that respondents failed and refused to deliver the oil either prior to February 1, 1917, to the partnership or afterwards to the petitioner—except approximately 40,000 gallons which was delivered to the partnership—and that thereby petitioner itself and as successor of the firm was subjected to great loss. Section 18 of the Illinois Practice Act (c. 110, Cahill's Revised Statutes, 1927) provides that the assignee of any chose in action not negotiable may sue thereon in his own name, " and he shall in his pleading on oath, or by his affidavit, where pleading is not required, allege that he is the actual bona fide owner thereof, and set forth how

and when he acquired title . . ." In order to comply with that provision, the petitioner filed the affidavit of its president stating that, on February 1, 1917, it took over the partnership assets including the contract and a right of action against respondents for its breach from the time it went into force to January 31, 1917.

Respondents, by plea to the amended declaration, set up a statute of Illinois (Revised Statutes, c. 83, § 20) declaring that, when a cause of action has arisen in another State " and by the laws thereof an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this State," and one of Pennsylvania (§ 13,857 Pennsylvania Statutes) providing that actions on contracts must be commenced within six years from the time the right of action accrued; and alleged that the cause of action arose in Pennsylvania more than six years before the filing of the amended declaration and was barred by the laws of both States. The trial court held that the amended declaration stated a new cause of action and that it was barred, directed a verdict and gave judgment for the respondents. The Circuit Court of Appeals affirmed. 14 F. (2d) 353. This Court granted a writ of certiorari. 273 U. S. 681.

Section 18 of the Illinois Practice Act will be applied in the courts of the United States sitting in that State. R. S. § 914. *Delaware County* v. *Diebold Safe Co.,* 133 U. S. 473, 488. In the absence of such a provision an assignee of a non-negotiable chose in action could not sue in his own name. *Glenn* v. *Marbury,* 145 U. S. 499, 509. The advantage conferred is taken subject to the terms specified, and the assignee must make the required showing in respect of ownership and source of title. It is established by the decisions of the Supreme Court of Illinois that in an action under that section a declaration that does not state that plaintiff is the actual bona fide owner thereof

and set forth how and when he acquired title fails to state a cause of action. And it is also held that a cause of action set forth in a declaration amended to comply with that section is barred if the period fixed by the statute of limitations has expired when the amended pleading is filed. Applying the state law, it must be held that the amended declaration set up a new cause of action which was then barred. *Gallagher* v. *Schmidt,* 313 Ill. 40; *Allis-Chalmers Mfg. Co.* v. *Chicago,* 297 Ill. 444.

Petitioner invokes R. S. § 954 providing that any court of the United States may at any time permit either of the parties to amend any defect in the pleadings upon such conditions as it shall in its discretion and by its rules prescribe. And it contends that federal courts allow such amendments independently of state enactments and decisions, and that here the amended declaration complied with § 18 of the Illinois Act, but stated no new cause of action.

Section 954 governs amendments and is to be liberally construed. *Norton* v. *Larney,* 266 U. S. 511, 516, and cases cited. But the propriety of the filing of the amended declaration is not involved as permission was granted on the application of the petitioner. The substance of the change is to be regarded. In any view, a new cause of action was brought in more than six years after it accrued. The original declaration alleged an agreement between respondents and petitioner and set it out in *haec verba.* It was a letter dated November 1, 1916, addressed to " N. & G. Taylor Company " and signed by respondents. The words "Accepted: N. & G. Taylor Co." appeared at the end of the letter. That declaration did not attempt to state a cause of action under § 18 of the state Practice Act. Petitioner did not sue or claim as assignee. No reference was made to the contract between respondents and the partnership. The cause of action

there stated never existed. The amended declaration states a cause of action for breach of the contract that was made by the partnership. It cannot be treated as curing a defective statement of a cause of action theretofore attempted to be set up. Cf. *Illinois Surety Co.* v. *Peeler,* 240 U. S. 214, 222. The change was not merely one of form; the fundamental substance of the claim was different. Cf. *Friederichsen* v. *Renard,* 247 U. S. 207, 213. It is clear that the amended declaration substituted a new cause of action. Petitioner cites and relies on *Mo., Kans. & Tex. Ry.* v. *Wulf,* 226 U. S. 570. But that case does not support its contention. There the amendment, allowed after the expiration of the period prescribed by the statute of limitations, related to form and not to the substance of the cause of action. The court said (p. 576): "It introduced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and therefore it related back to the beginning of the suit."

And it is plain that six years had expired when the amended declaration was filed. Respondents were in default when petitioner took over the business, February 1, 1917. That appears from the allegations of the amended declaration as well as from the supporting affidavit. The contract covered fuel oil required in a period ending June 30, 1917. The action was commenced March 7, 1918; the cause of action had then accrued. The amended declaration was filed May 14, 1924, more than six years after the action was commenced. It cannot be deemed to relate back as it brought in a new cause of action, which must be treated as commenced at the time the amended declaration was filed. *Union Pacific Railway* v. *Wyler,* 158 U. S. 285, 296, *et seq.; Salyers* v. *United States,* 257 Fed. 255, 259.

*Judgment affirmed.*