## LORENZEN v. UNITED STATES.

No. 9051.

Circuit Court of Appeals, Eighth Circuit.

Aug. 27, 1931.

Allen McReynolds, of Carthage, Mo. (R. A. Mooneyham, of Carthage, Mo., on the brief), for appellant.

Harry L. Thomas, Sp. Asst. to U. S. Atty., of Kansas City, Mo. (William L. Vandeventer, U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before KENYON and BOOTH, Circuit Judges, and DEWEY, District Judge.

DEWEY, District Judge.

This is an appeal from a judgment of the District Court, 41 F.(2d) 369, holding in favor of the United States, defendant, in an action at law to recover taxes claimed to have been illegally and wrongfully collected.

The facts are as follows: Prior to June 1, 1920, the Pure Grain Distilling Company was a corporation of Missouri. On January 1, 1920, William Lorenzen, plaintiff in this action, was the sole surviving stockholder and officer of said corporation. The charter of the corporation was allowed to lapse and plaintiff became the owner of the assets of the corporation. There were no debts of the corporation. The assets consisted of 219 bar-

rels of whisky containing 8,455.8 gallons of distilled spirits. These spirits were stored in a United States government warehouse in the exclusive charge of an internal revenue storekeeper-gauger. On the 27th of July, 1920, the liquor was destroyed by fire inside of the warehouse, or had been withdrawn from the warehouse without knowledge on the part of the plaintiff, Lorenzen. On the 20th of September, 1920, the collector of internal revenue demanded from plaintiff the sum of $6.40 per gallon as a tax upon the distilled spirits, claiming that the liquor had been withdrawn for beverage purposes, and that under the law the tax was due, and that unless the tax was paid penalties and interest would be added. Plaintiff paid the taxes on September 21, 1920, in the sum of $54,117.12. On the 15th of October, 1920, a claim for refund was filed with the Commissioner of Internal Revenue. The grounds of that claim were:

"That on July 27th, 1920, the Bonded Warehouse No. 36 at Liberal, Missouri, was destroyed by fire containing 8455.80 gallons of whiskey, that Deputy Collector H. S. Fischer, who investigated the fire claimed that the warehouse was looted before the fire on account of which he demanded and insisted on payment of the tax at the average rate of $6.40 per gallon which was finally paid under protest.

"If as the deputy claims that the warehouse was looted it was done without the knowledge or connection in any way by the owners, we employed two guards at the warehouse to protect the property after the warehouse was robbed in February in 1920, of one barrel of whiskey on which the department made an assessment at the nonbeverage rate of $2.20 per gallon which was paid on June 18, 1920, later another attempt was made to rob the warehouse when Guard Gowdy was killed.

"That the National Prohibition Act [27 USCA] repealed the beverage tax and that the amount of $4.20 per gallon was unlawfully collected and request that this amount be refunded."

On June 10, 1922, another claim for refund was filed. The ground of that claim was: "That on July 27, 1920, the bonded warehouse No. 36 at Liberal, Mo., was destroyed by fire containing 8455.80 gallons of whiskey. That Deputy Collector H. S. Fischer who investigated the fire claimed that the warehouse was looted before the fire, and demanded payment of tax at the beverage rate of $6.40 per gallon, that the tax was collected under duress and was paid under protest, that the tax has been unlawfully collected. That it was a physical impossibility for the whiskey to have been stolen and suit is to be immediately instituted for the recovery of the insurance thereon."

On November 16, 1923, the Commissioner rejected both claims for refund. On July 26, 1924, the original petition was filed by Lorenzen in the United States District Court for a return of the taxes paid. On February 28, 1927, the first amended petition was filed by Lorenzen, and on September 22, 1928, a second amended petition was filed. The original petition filed July 26, 1924, alleged the ownership by the Pure Grain Distilling Company of the barrels of whisky, the depositing of the whisky in the distillery warehouse, and the charge of the internal revenue storekeeper-gauger. It then alleged: "Plaintiff further states that on the 27th day of July, 1920, the said United States Government Distillery Warehouse containing said distilled spirits as aforesaid was actually destroyed by accidental fire and without any fraud, collusion or negligence of the plaintiff herein." Further, the petition alleged that on September 20, 1920, the collector, claiming to act under the Revenue Act of February 24, 1919, demanded from plaintiff the sum of $6.40 per gallon as a tax upon the distilled spirits, "and claiming that plaintiff was required under the terms of said Act of Congress to pay said tax, stating unless the tax was paid, it would become the duty of said Collector to collect the same with a penalty and interest"; that by so threatening these severe penalties if he did not pay the tax, he compelled plaintiff by threats, duress, and coercion to pay the tax which he did unwillingly and under protest. The petition then stated: "That no tax was due or has since become due, upon said distilled spirits and the collection of said tax aforesaid by said collector was and is illegal and wrongful, for the reason that said distilled spirits were actually destroyed by accidental fire while in a United States Distillery Warehouse in the exclusive control, custody and care of the United States of America through said revenue officers aforesaid, and without any fraud, collusion or negligence of the plaintiff." It then alleged the unwillingness of plaintiff to pay the tax and that said payment was made for the purpose of avoiding the penalties of the internal revenue laws, and the forfeiture provisions thereof; that petitioner filed a claim for refund with the

collector for "the said tax so illegally and wrongfully collected"; that said claim was submitted as provided by law and regulations; and that said refund was refused and rejected by the Commissioner.

The first amended petition, filed on February 28, 1927, added to the first complaint the following:

"Plaintiff further states that at the time of the payment of said so-called tax to said Collector of Internal Revenue for the Sixth District as aforesaid, no tax was due or has since become due from the plaintiff herein, upon said distilled spirits; that under and by virtue of the Act of Congress of November 23, 1921 (42 Stat. 222), entitled 'An Act Supplemental to the National Prohibition Act,' no tax could be assessed or collected upon distilled spirits upon which the internal revenue tax had not been paid, which had been lost by theft, accidental fire or other casualty and providing that said Act should apply on any claim for taxes or tax penalties that may have accrued since the passage of the National Prohibition Act or that may accrue hereafter.

"Plaintiff further states that no tax was due at the time said so-called tax was assessed, levied, and collected by said collector of internal revenue or has since become due from the plaintiff herein upon said distilled spirits for the reason that said so-called tax upon said distilled spirits was assessed and the levy made under and by virtue of section 600 (a) of the Revenue Act of 1918, approved February 24, 1919, 40 Stat. 1057, 1105, c. 18; that the tax provided for under the said Revenue Act of 1918, under which said assessment was made, was inconsistent with and was repealed by the National Prohibition Act, which became and was in effect upon the 29th day of January, 1920."

Also, that the $6.40 tax was a penalty, and therefore violative of the rights of the plaintiff under the Constitution; that is, chargeable to him without notice and hearing. This petition did not contain the statement as in the first petition that the tax was not due and the collection was illegal and wrongful for the reason that the spirits had been destroyed by fire. However, it did contain this provision: "Plaintiff further states that on or about the 27th day of July, 1920, all of said distilled spirits were lost by theft from said distillery warehouse and by accidental fire, which totally destroyed said warehouse on said date; plaintiff further states that said loss of said distilled spirits as aforesaid did not occur as a result of any negligence, connivance, collusion or fraud on the part of the plaintiff herein."

The second amended petition contained in effect the same as the first amended petition, except that in addition it showed the capacity of plaintiff to sue, and the statements made to plaintiff in that capacity that he would be charged with the tax against the liquor, and the specific allegation that the liquor was "withdrawn" without knowledge on the part of plaintiff.

The answer of the government raised six main points, among them, that the cause of action was barred by the statute of limitations.

The case was tried to the District Court, and it found for the government on that sole ground.

The opinion of the trial court is reported under the style of Lorenzen v. United States (D. C.) 41 F.(2d) 369. As the facts of the case were not fully therein set out, we have done so here; but the conclusions of law are so fully and ably set forth in division 6 therein that an opinion by this court would practically be but a repetition. We therefore adopt division 6 of the opinion of the trial court. That court determined that the case of Union Pacific R. R. Co. v. Wyler, 158 U. S. 285, 15 S. Ct. 877, 39 L. Ed. 983, was controlling. Arguments by appellant that this case has been distinguished and modified by Missouri, K. & T. R. R. Co. v. Wulf, 226 U. S. 570, 33 S. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134, and New York Cent. & Hudson R. R. Co. v. Kinney, 260 U. S. 340, 43 S. Ct. 122, 67 L. Ed. 294, are answered by later decisions of the United States courts which explain these two cases relied on, holding that the amendments were changes in form and not in substance of the original petition and reaffirm the Wyler Case. Taylor Co. v. Anderson (C. C. A.) 14 F.(2d) 353, affirmed on certiorari and with opinion 275 U. S. 431, 48 S. Ct. 144, 72 L. Ed. 354; Baltimore & O. S. W. R. Co. v. Carroll, 280 U. S. 491, 494, 50 S. Ct. 182, 74 L. Ed. 566.

On these authorities the finding of the trial court that the action presented and tried by appellant was barred by the statute of limitations was correct, and decree of dismissal is affirmed.