UNITED STATES, to Use of SHADE SHOP, Inc., v. R. B. McDANEL CO. et al.

No. 322.

District Court, E. D. Virginia, at Alexandria. Nov. 5, 1936.

Albert V. Bryan, of Alexandria, Va., for intervening petitioner Reynolds Corporation.

Bynum E. Hinton and Alexander M. Heron, both of Washington, D. C., for defendants.

POLLARD, District Judge.

The question before the court arises on an application of Reynolds Corporation to file an amended intervening petition in a suit pending in this court under the style of United States of America, to the Use of The Shade Shop, Inc., v. R. B. McDanel Company and Hartford Accident & Indemnity Company, which suit was brought under an act of Congress (33 Stat. 811, title 40 U.S.C.A. § 270) requiring bonds by contractors on public buildings for the payment of labor and materials.

The original petition, filed December 12, 1935, alleges that R. B. McDanel Company entered into a contract with the United States of America to furnish labor and materials and perform all work required for the construction and completion of officers' quarters at Fort Humphries, Va.; that, pursuant to the said act of Congress, the United States of America required the said McDanel Company to execute the required bond,' and that such bond was given with the Hartford Accident & Indemnity Company as surety thereon; that said bond contains a condition that the principal shall promptly pay all persons supplying the principal with labor and materials in the prosecution of the work provided for in said contract; that, after making said contract, the said McDanel Company entered into the performance thereof and at divers times thereafter the Reynolds Corporation supplied the said McDanel Company with materials for the prosecution of the work provided for in said principal contract as shown on an itemized statement thereof attached to the said petition; that said materials were necessary and were used for the work provided for in said principal contract; that there is due and owing to the Reynolds Corporation as a fair and reasonable value for said materials the sum of $4,569.80; that final settlement of said principal contract was made on January 11, 1935; that said contract was completed and final settlement was made more than six months before, but within one year of, the filing of said petition; and that no suit was brought by the United States of America or on its behalf

on said contract and bond against the defendants during the first six months following.

The amended petition is in all respects identical in its allegations with the averments in the original petition, with the exception that a new allegation is made in the amended petition that the materials were furnished to the McDanel Company by Reynolds Metals Company, Inc., and that said last-mentioned company had on January 1, 1935, for a valuable consideration, duly assigned unto the petitioner all its right, title, and interest in said account against the McDanel Company.

It is conceded that the original petition was filed within the year fixed by statute for filing claims, and it is also conceded ·that at the time of the application for filing of the amended petition (October, 1936) the year fixed by said statute had expired.

The defendant Hartford Accident & Indemnity Company objects to the filing of said amended petition on the ground that the assignment set up in said amended petition introduces a new cause of action and that at the time said amended petition was tendered to the court the year fixed for filing claims had expired.

The contention of the Reynolds Corporation is that the amended petition does not set up a new cause of action, but simply restates with more exactness the same cause of action stated in the original petition.

Section 5768 of the Code of Virginia provides that the assignee of any chose in action may maintain thereon in his own name any action which the original contracting party may have brought. Section 6090 of the Code of Virginia provides that in every action of assumpsit upon an account the plaintiff shall file with his declaration an account stating distinctly the several items of his claim. Section 6091 of the Code of Virginia provides that in any action or motion the court may order a statement to be filed of the particulars of the claim, and that upon failure to comply with such order the court may exclude evidence of any matter not described in the declaration or other pleadings of such party so plainly as to give the adverse party notice of its character.

■ The statutes of Virginia will be applied by the courts of the United States sitting in that state. Title 28 U.S.C.A. § 724; Delaware County v. Diebold Safe &

Lock Co., 133 U.S. 473, 488, 10 S.Ct. 399, 33 L.Ed. 674.

The case of Economic Water Heating Corp. v. Dillon Supply Co., 156 Va. 597, 159 S.E. 78, was an action against a corporation for breach of warranty. The contract of sale was not made with the corporation, but with a partnership whose business the corporation took over. The complaint described the contract which had been assumed by the corporation as the defendant's contract. At the trial the defendant corporation objected to the introduction of evidence to prove that the defendant had assumed the contract on the ground that the pleadings were not broad enough to admit of such proof. In disposing of this contention the Supreme Court of Appeals of Virginia at page 605 of 156 Va., 159 S.E. 78, 81, said:

"It seems clear therefore that the defendant could not have mistaken the object of this motion, and was not surprised or embarrassed in the conduct of its defense when evidence of the assumption was offered. The courts more and more look to the trial of an action at law, not as a battle of the pleaders, but more as a trial of the substantive rights of the parties and should not regard seriously objections, more technical than real, which do not operate to the prejudice of the substantial rights of a litigant.

"When a party assumes the contract, or undertaking, of another he makes it his contract. A pleading therefore that describes a contract which has been assumed by the defendant as the defendant's contract, while not the clearest and most definite in point of detail, yet is not incorrect nor deficient in its allegation of liability. If the defendant wanted more definite information as to the character of his liability, he could, upon request, have had a bill of particulars as provided by Code 6091."

■ The defendants rely on the cases of Salyers v. United States (C.C.A.) 257 F. 255, 258, and N. & G. Taylor Co. v. Anderson, 275 U.S. 431, 48 S.Ct. 144, 72 L.Ed. 354. In considering these cases, it must be remembered that, while the claims of persons furnishing labor and materials are assignable (Title Guaranty & Trust Company of Scranton, Pa. v. Crane Company, 219 U.S. 24, 31 S.Ct. 140, 55 L.Ed. 72), yet in the absence of a statute an assignee of such claim may not sue thereon in his own name (Glenn v. Marbury, 145

U.S. 499, 12 S.Ct. 914, 36 L.Ed. 790) ; and, when such right is conferred by statute, the assignee must take advantage of the right conferred by statute by strictly complying with the conditions imposed by the statute (N. & G. Taylor Company v. Anderson, supra).

The Salyers Case was decided by the Circuit Court of Appeals for the Eighth Circuit on appeal from the United States District Court for the Northern District of Iowa. No reference is made in the opinion to any statute of the state of Iowa allowing an assignee to sue in his own name. In that case the original petition alleged that the petitioner had furnished certain stone to the contractor which had been used but not paid for. The second amended petition, being the one of November, 1916, and the one objected to, separated the claim of the plaintiff into two parts or counts. In one count it was alleged that the stone had been furnished by Perry Company and that the claim of Perry Company had been assigned to the plaintiff. In the second count it was alleged that certain stone had been furnished to the contractor by the plaintiff. Motion was made on behalf of the defendant to strike out the amendment of November, 1916, on the ground that it introduced a new cause of action as to that part of plaintiff's claim based on the assignment from Perry Company.

In stating the question to be decided in that case, the court said: "The two claims of the plaintiff and of the Perry Company being originally distinct and representing distinct causes of action, it remains to be considered whether by the amendment to plaintiff's petition of November, 1916, a new cause of action was introduced into the petition, or whether the cause of action represented by the Perry Company claim was already included in said petition." The court then proceeded to apply to the facts of that case the test laid down in the decided cases to determine whether the two causes of action were identical, and concluded that the cause of action for stone furnished by the plaintiff was separate and distinct from the cause of action represented by the account for stone furnished by Perry Company and which was assigned to the plaintiff. The court further concluded that the amendment of November, 1916, was not a mere amplification of what was stated in the original petition, for the obvious reason that the original petition, being founded on a distinct and separate cause of action—for stone furnished by the plaintiff—stated no cause of action on the claim for stone furnished by Perry Company. The effect of the decision was to refuse to allow the plaintiff to circumvent the statute of limitations then applicable to the Perry Company claim by amending a petition filed in time and which stated a distinct and separate cause of action founded on a different account.

Here we have a different state of facts. The petitioner had only one cause of action, and that was for materials furnished by the Reynolds Metals Company, Inc. Both the original and amended petitions are based on that cause of action. It is true that the original petition failed to allege the assignment, but the Virginia statute places no restrictions or conditions upon the right of the assignee to sue in his own name, and in fact provides that he may institute any suit which the assignor might have brought. It is clear that the defendants could not have mistaken the object of the original petition when it was considered with the account attached thereto. If the defendants wanted more definite information as to the character of their liability, they could, upon request to the court, have had a bill of particulars as provided by section 6091 of the Code of Virginia. Under such circumstances the amended petition which sets up the assignment introduces no new or different cause of action, but merely amplifies the same cause of action stated in the original petition.

In the case of N. & G. Taylor Company v. Anderson, supra, there had been a partnership composed of Taylor & Justice. On November 1, 1916, the partnership and Anderson entered into a contract by which Anderson agreed to furnish to the plaintiffs certain fuel oil. On January 31, 1917, the partnership caused petitioner to be organized, giving it the name of the partnership with the word "Inc." added, and as of February 1, 1917, the corporation assumed the liabilities of the partnership and took over all of their property and has since carried on the business. The declaration alleged an agreement between the defendant Anderson and the corporation, a breach by Anderson, and resulting damages. No reference was made to the partnership, the contract between the partnership and Anderson, the subsequent creation of the corporation, or its acquisition of the partnership business. At the trial the plaintiff corporation, by leave of

908

court, filed an amended declaration alleging an agreement between Anderson and the partnership for the oil in question; and that on February 1, 1917, the plaintiff corporation became the owner of all of the assets of the firm including the agreement and all rights thereunder. The trial court held that the amended declaration stated a new cause of action and that it was barred, and directed a verdict. The judgment on the verdict was approved by the Circuit Court of Appeals for the Eighth Circuit and by the Supreme Court of the United States.

Section 18 of the Illinois Practice Act 1907 (Smith-Hurd Ill.Stats. c. 110 appendix, § 18) provides in part as follows: "The assignee and equitable and bona fide owner of any chose in action not negotiable * * * may sue thereon in his own name, and he shall in his pleading on oath, or by his affidavit, where pleading is not required, allege that he is the actual bona fide owner thereof, and set forth how and when he acquired title." The court, referring to the statute, on page 437 of 275 U.S., 48 S.Ct. 144, 146, 72 L.Ed. 354, says: "It is established by the decisions of the Supreme Court of Illinois that in an action under that section a declaration that does not state that plaintiff is the actual bona fide owner thereof and set forth how and when he acquired title fails to state a cause of action. And it is also held that a cause of action set forth in a declaration amended to comply with that section is barred if the period fixed by the statute of limitations has expired when the amended pleading is filed. Applying the state law, it must be held that the amended declaration set up a new cause of action which was then barred. Gallagher v. Schmidt, 313 Ill. 40, 144 N.E. 319; Allis-Chalmers Mfg. Co. v. Chicago, 297 Ill. 444, 130 N.E. 736."

■ It is perfectly clear that the Illinois statute and the construction placed thereon by the Supreme Court of that state in the cases of Gallagher v. Schmidt, supra, and Allis-Chalmers Mfg. Co. v. Chicago, supra, were the considerations on which the decision in the Taylor Case was based.

The Illinois statute requires an assignee, when suing in his own name, to file an affidavit that he is the bona fide owner of the chose in action and when and how he acquired title. The Virginia statute imposes no conditions on the assignee's right to sue, but allows the assignee to bring in his own name any suit which the assignor may have brought. The Supreme Court of Illinois has held that a complaint by an assignee in his own name with which no affidavit of bona fide ownership is filed states no cause of action. The Supreme Court of Appeals of Virginia has not held that a complaint by an assignee in his own name fails to state a cause of action when it omits to state that the plaintiff is assignee of the account sued on. On the contrary, the reasoning in the case of Economic Heating Corp. v. Dillon Supply Company, supra, strongly indicates that the court would regard such an omission as one of form and not of substance. This view is strengthened when the nature and subject matter of the original petition are considered. The petition is in the form of a declaration in an action of trespass on the case in assumpsit. Attached to the petition is an account showing the various items of the materials furnished, such as is required by section 6090 of the Code of Virginia in cases of assumpsit on an account. The account attached to the petition shows on its face that said materials were actually furnished by Reynolds Metals Company, Inc., not by the petitioner. The Supreme Court of Appeals of Virginia has repeatedly held that, if a pleading be such that an adverse party cannot mistake its object, it is sufficient, and, if such adverse party wants more definite information as to the character of its liability, he can upon request have a bill of particulars as provided by section 6091 of the Code of Virginia.

■ Applying the state law, it must be held that the amended petition does not set up a new cause of action. The fundamental substance of the claim is not different, the change being merely one of form.

An order may be presented filing the amended intervening petition.