## McDOWALL v. ORR FELT & BLANKET CO.
### No. 9739.

Circuit Court of Appeals, Sixth Circuit.

Nov. 27, 1944.

H. J. Goldberger, of Chicago, Ill., for appellant.

Robert K. Landis, of Dayton, Ohio (Landis, Ferguson, Bieser & Greer and Robert K. Landis, all of Dayton, Ohio, on the brief), for appellee.

Before SIMONS, MARTIN, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

Appellant filed suit against appellee Orr Felt & Blanket Company for damages arising out of breach of four alleged contracts. Appellant claimed that by the terms thereof, he was to be paid a commission on all of appellee's merchandise sold in certain allotted territory, whether the sales were made by him or by the company, or others representing the company. Appellee filed answer, setting forth that the complaint "failed to state a claim against defendant upon which relief can be granted, insofar as it rests upon the alleged contracts," and denied that the writings constituted contracts between the parties. Thereafter, both sides appeared before the district court and requested that a date be set for a pre-trial conference, stating that there were some questions of law that should be submitted to the court and determined before the trial of the case. At the pre-trial conference, the question presented was whether the alleged contracts were void for want of consideration, or want of mutuality.

All of the writings were signed by both parties. They were phrased in informal style and provided that appellant was to have the exclusive sale, in certain territory, of all blankets manufactured by appellee. Commissions to be paid were specified, and it was stated that the "contract" was to run through the ensuing year and to be continuous in yearly units thereafter, unless canceled by either party upon the giving of 60 days' written notice before any expiration date. In the first three alleged contracts, appellant did not, in terms, agree to any performance on his part; in the fourth contract, he did.

At the pre-trial conference, the district court determined that there was no mutuality in the first three instruments, and that, therefore, they were not contracts. On the fourth alleged agreement, the court determined that the issues raised thereon should abide trial. A pre-trial order to the foregoing effect was, accordingly, signed and entered by the district court. After entry of the order, appellant moved for leave to file an amended complaint, in which it was set forth that the agreements between the parties were partly oral, and partly in writing; that appellant had, prior to the agreements, maintained a sales organization engaged in selling blankets for various factories and manufacturers; that he had been solicited by appellee to become the selling agent for the Orr Felt & Blanket Company; and that he had orally agreed to solicit sales for appellee during specified periods, and, at the same time, had further agreed that he would not handle "Holland type" blankets and would cease the solicitation and sale of imported blankets during the contract period. He further alleged that the company agreed to pay him for his services and agreements,

the commissions specified in the writings which had previously been set forth, and upon which he had relied as enforceable contracts in his original complaint.

In passing upon the motion, the district court stated that the pre-trial conference was the submission of one of the issues to the court, and that, at that time, the issues had been made up and the case was ready for trial. Acting in what it deemed to be its sound and proper discretion, the court, accordingly, denied the motion for leave to file the amended complaint. Some months thereafter, appellant was granted leave to amend his complaint for the sole purpose of withdrawing therefrom any claim under the fourth alleged contract. This was done in order to avoid the necessity of taking extensive proofs on this single claim, and to facilitate an appeal from the determination of the district court in its two previous orders, refusing appellant leave to file his amended complaint and holding that the first three instruments set forth in the original complaint, were without consideration and lacked mutuality. In the order granting appellant leave to withdraw the fourth alleged contract from his original complaint, the district court, also dismissed the complaint and entered judgment, with costs to be taxed, against appellant, and from this determination, appeal was taken. We shall first consider the disposition by the district court of appellant's motion to file an amended complaint.

By Rule 16 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it is provided that the district court shall make an order, reciting the action taken at a pre-trial conference, and that such order, when entered, controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. It is argued by appellee that the allowance of leave to amend, would have made a mockery of all the proceedings at the pre-trial conference, and that appellant was either not acting in good faith when the original complaint was filed, or when leave was sought to file the amended complaint. This seems a rather extreme view to take of the matter. At first, appellant's counsel appears to have felt that consideration on the part of appellant, or mutuality, could be implied from the terms of the written instruments. This is not an easy question to determine under all circumstances. See the opinion of Judge Cardozo in Wood v. Lucy, Lady Duff-Gordon, 222 N.Y. 88, 118 N.E. 214; Big Cola Corp. v. World Bottling Co., 6 Cir., 134 F.2d 718; Crossland v. Kentucky Blue Grass Seed Growers' Co-op, Ass'n, 6 Cir., 103 F.2d 565; Globe Steel Abrasive Co. v. National Metal Abrasive Co., 6 Cir., 101 F.2d 489. Counsel for appellant also indulged in the assumption that the contracts were executory and that performance on the part of appellant cured any lack of mutuality. These theories are incongruous with that embodied in the amended complaint, to the effect that the contracts between the parties rested partly in parol, and partly in writing. But the circumstances which we have mentioned, absolve counsel from any imputation of trifling with the court.

The only question which confronts us is whether appellant should have been permitted to file his amended complaint, and it is here unnecessary to discuss any legal or factual questions with regard to the content of the proposed amended pleading. Rule 15 of the Federal Rules of Civil Procedure provides that, in the circumstances disclosed in this case, a party may amend his pleading only by leave of court, or by written consent of the adverse party, "and leave shall be freely given when justice so requires." Subsection (a). The rule continues, confirms, and emphasizes the practice in effect prior to its adoption, in which liberality in amendment was encouraged and favored, where no prejudice or disadvantage was suffered by the opposing side. Norton v. Larney, 266 U.S. 511, 45 S.Ct. 145, 69 L.Ed. 413; Taylor Co. v. Anderson, 275 U.S. 431, 48 S.Ct. 144, 72 L.Ed. 354; In re Haskell, 7 Cir., 73 F.2d 879. To permit the submission of the actual facts, or what is contended to be the actual facts, of the present controversy, is here required for a just disposition of the case, and we are of the opinion that leave to permit the amended complaint should have been granted.

In view of the questions raised on the appeal, it is to be remarked that appellant has also brought before us, the claimed error of the district court in holding that there was no consideration or mutuality in the first three contracts, included in the original complaint. In his argument on appeal, counsel contends that mutuality on the part of appellant is to be implied from the terms of the written instruments themselves. However, it is unnecessary to discuss matters relating to implied mutuality, since we have held that appellant should

have been permitted to file his amended complaint, and such complaint is founded, not upon implied mutuality, but upon mutual express promises. The claim of implied mutuality was obviously relied upon in the alternative in case it were determined that appellant did not have the right to amend his complaint.

In accordance with the foregoing, the order of the district court, denying leave to file the amended complaint, is set aside and the case remanded for further proceedings, in accordance with this opinion.