## DE FAY et al. v. EAST & WEST INS. CO. OF NEW HAVEN.

### No. 48 C 1304.

United States District Court,
N. D. Illinois, E. D.

Nov. 27, 1951.

1. Title 18 U.S.C.A. § 3569.

Marshall A. Pipin and Tom L. Yates, Chicago, Ill., for plaintiffs.

Samuel Levin, Chicago, Ill., for defendant.

LA BUY, District Judge.

Defendant has filed a motion to strike plaintiff's amended complaint and to dismiss the suit. The policy of insurance sued upon provides: "It is a condition of this policy that no suit, action or proceeding for the recovery of any claim under this policy shall be maintainable in any court of law or equity unless the same be commenced within twelve (12) months next after the calendar date of the happening of the physical loss or damage out of which said claim arose."

The loss and damage alleged to have resulted from the fire and for which claim is made herein occurred on September 11, 1947. The complaint herein was filed September 10, 1948. Joseph De Fay, the named assured, died September 15, 1947 and it is alleged a new partnership "assumed and succeeded" to the rights and liabilities of the old partnership, including the insurance policy here sued on.

Chapter 110, Section 146, Section 22, Civil Practice Act, Smith-Hurd Ann.Stats. provides: "The assignee and owner of a nonnegotiable chose in action may sue thereon in his own name, and he shall in his pleading on oath, allege that he is the actual bona fide owner thereof, and set forth how and when he acquired title; * * *."

On February 16, 1951, plaintiff filed an amendment to the complaint supplying the oath and affidavit required under the Illinois statute and which the Illinois courts have held to be essential to an assignee's right of action. It is defendant's contention that this amendment was made long after the time limitation contained in the policy had expired; that the amendment must be held to state a new cause of action and cannot relate back to the date of original filing; and therefore the amended complaint must be dismissed as not having been brought in apt time. In support of this contention the defendant cites N. & G. Taylor Co. v. Anderson, et al., 7 Cir., 1926, 14 F.2d 353, affirmed 275 U.S. 431, 48 S.Ct. 144, 72 L.Ed. 354.

The facts and applicable law as set forth in the opinion of the Court of Appeals in that case are as follows:

"N. & G. Taylor Company, a copartnership, made with the defendants a nonnegotiable written contract. After defendants had defaulted thereon, the copartnership, on February 1, 1917, sold all of its assets, including its rights under the contract, to appellant, called plaintiff, and plaintiff

brought suit thereon in the Northern district of Illinois. After the time had run under the applicable statute of limitations, plaintiff amended its declaration by setting out the written contract and making allegations under oath, so as to enable it to maintain its suit under section 18 of the Illinois Practice Act (chapter 110, Cahill's R.S.Ill. 1923), as assignee of the contract.

"The sole question, raised by a plea of the statute of limitations, is: Did the amendment state a new cause of action? It is urged that, because of the broad powers of amendment given by section 954 of the Revised Statutes (Comp.St. § 1591 [Fed. Rules Civ.Proc. rules 1, 15, 61, 28 U.S.C.A.]), the practice in the federal courts differs from that in the state courts. The authority under the Illinois statutes to make amendments is broad enough to permit such amendments to be made either before or after the running of the statute of limitations, because in Illinois the statute is raised by affirmative plea. If not so raised, the amendment is as effective as though the statute had not run. The power to make the amendment is not here in question. * * *

"In the case at bar, independent of the Illinois statute, no suit could be maintained in a court of law other than by the copartnership. There was no suit ever commenced in its name, nor in its name for the use and benefit of another. The Supreme Court of Illinois, in construing section 18 of the Illinois Practice Act, under which plaintiff is attempting to maintain its suit, held: 'A declaration in a suit by an assignee of a chose in action does not state a cause of action in favor of the plaintiff, unless it contains the allegations required by section 18, showing the assignment of the chose in action, the actual ownership thereof by him, and setting forth how and when he acquired title. A declaration which fails to allege a fact without whose existence the plaintiff is not entitled to recover does not state a cause of action. Walters v. City of Ottawa, 240 Ill. 259, 88 N.E. 651; Prouty v. City of Chicago, 250 Ill. 222, 95 N.E. 147.' Gallagher v. Schmidt, 313 Ill. 40, 44, 144 N.E. 319, 321;

Allis-Chalmers Mfg. Co. v. City of Chicago, 297 Ill. 444, 130 N.E. 736.

"From this holding, it necessarily follows that, as prior to the amendment there was no attempt to bring the case within the provisions of section 18, there was up to that time no statement whatever of a cause of action. A statement of a cause of action, under that section, was necessarily the statement of a new and different cause of action. The interpretation of the statute by the Supreme Court of the state should be final and binding upon this court. (Citing cases.) There was no law by which plaintiff could maintain the suit, except under section 18 of the Illinois Practice Act."

The judgment of dismissal was affirmed.

Subsequent to the decision in the above cited case, Section 39 of the Illinois Practice Act relating to amendments was amended in 1929. Present section 46(2) of the Civil Practice Act, Ch. 110, Section 170, Smith-Hurd Ann.Stats., is as follows: "(2) The cause of action, cross demand or defense set up in any amended pleading shall not be barred by, lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross demand interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, when such condition precedent has in fact been performed, and for the purpose of preserving as aforesaid such cause of action, cross demand or defense set up in such amended pleading, and for such purpose only, any such amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended."

It is urged by plaintiff that under said new section, the Illinois law as applied in the N. & G. Taylor Co. v. Anderson case, supra, has been changed.

 Said section and its application were thoroughly considered in Metropolitan Trust Company v. Bowman Dairy Co., 1938, 369 Ill. 222, 15 N.E.2d 838, where an action was brought for wrongful death. At page 229, of 369 Ill., at page 842 of 15 N.E.2d the court said:

"Two significant changes appear in paragraph 1. Instead of the permission, in section 39, to change the form of action, section 46 permits changing the cause of action or adding new causes of action. In place of the provision, in section 39, that the change may be made to enable the plaintiff to sustain the action for the claim intended to be brought, section 46 permits such change, as may enable him to sustain the claim intended to be brought. It is further to be observed that section 42 of the Civil Practice Act, Ill.Rev.Stat.1937, c. 110 § 166, provides that no pleading shall be deemed bad, in substance, which shall contain such information as shall reasonably inform the opposite party of the nature of the claim or defense which he is called upon to meet. The prior acts contained no such provision nor anything equivalent thereto. While these changes do not deal with the subject of limitations, they eliminate the former requirement that the original pleading must state a cause of action and that an amendment must set up the same cause of action.

"Under paragraph 2 of section 39 it was required that the cause of action set up in the amendment not only grew out of the same transaction or occurrence, but that it must be substantially the same as set up in the original pleading. The requirement for substantial identity was omitted from paragraph 2 of section 46. The sole requirement of that paragraph is that the cause of action set up in the amendment grew out of the same transaction or occurrence set up in the original pleading. Briefly summarized, section 46 permits any amendment of a pleading, filed in apt time, after the time limited for commencing suit to set up a cause of action on any claim which was intended to be brought by the original pleading, provided, only, that it grew out of the same transaction or occurrence, and it is not necessary that the original pleading technically state a cause of action, or that a cause of action set out in the amendment be substantially the same as any cause of action stated in the original pleading. The term 'same transaction or occurrence,' so used in the statute, means the same suit. These changes, together with the judicial construction of the prior statutes, evince the legislative intent to remedy the evils incident to the former legislation and to preserve causes of action against loss by reason of technical rules of pleading. This is manifest from the concluding language of paragraph 2 which specifically declares the purpose of preserving the cause of action. The reasons for our decisions under the prior statutes are eliminated from section 46, and are not applicable to its provisions."

From the foregoing statement by the Supreme Court of Illinois, it appears no cause of action need be stated in the original pleading. The only question involved on relation back of amendments is whether the cause of action alleged by amendments grew out of the same transaction or occurrence attempted to be set forth in the original pleading.

 The original complaint when filed was sufficient to apprise the defendant of the status of plaintiffs in the suit; the amendment here questioned was in furtherance and in support of such original complaint. The elements supplied by the amended complaint arose out of the same transaction and occurrence which was originally pleaded.

The court is therefore of the opinion the amended complaint relates back to the date of the filing of the original complaint and therefore the defendant's motion to strike and dismiss is overruled.

An order in accord herewith has this day been entered.