**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 14 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JACOB MICHELSON,

      Plaintiff-Appellant,

v.

ENRICH INTERNATIONAL, INC.,

      Defendant-Appellee.

No. 00-4047

(D.C. 97-CV-765-K)
(C.D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY, BRISCOE,** Circuit Judges, and **MURGUIA**, District Judge[**].

      This is a diversity case in which plaintiff Jacob Michelson appeals a district court order granting dismissal for lack of subject matter jurisdiction to defendant Enrich International, Inc. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

---

      [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

      [**] The Honorable Carlos Murguia, United States District Judge, District of Kansas, sitting by designation.

## I.

On March 1, 1995, Michelson became an independent distributor of Enrich's products. When Michelson initially became an Enrich distributor, he used his personal social security number as his "Enrich Distributor ID" number.

Michelson subsequently formed a corporation called Welles, Inc. Michelson was the sole owner of Welles. In April 1996, Michelson added Welles to the Enrich distributorship. Following this addition, Michelson used Welles's federal tax ID number as the "Enrich Distributor ID" for the distributorship. Also, following the addition of Welles to the distributorship, all bonus checks issued by Enrich were made payable to "Welles, Inc. or Jacob Michelson." All of these jointly payable bonus checks were deposited into the corporate account of Welles.

At his deposition, Michelson testified that he entered into an agreement with Welles to the effect that all income generated by the Enrich distributorship belonged to Welles, rather than Michelson. Pursuant to the agreement, the income generated from the Enrich distributorship was deposited into the account of Welles and reported on Welles's federal tax return. None of the income from the Enrich distributorship was reported on Michelson's personal tax returns.

On October 31, 1997, Michelson filed this action based upon Enrich's decision to terminate the independent distributorship agreement with Michelson.

In his suit, Michelson sought damages for income allegedly lost by the Enrich distributorship. Michelson did not include Welles as a named party.

On January 26, 1999, Enrich filed a motion to join Welles as a necessary party, to which Michelson filed no opposition. On March 22, 1999, Magistrate Judge Alba granted Enrich's motion. Subsequently, on March 29, 1999, Judge Alba ordered Welles to join the action within twenty days as an indispensable party plaintiff. The order further provided that if Welles failed to join, it would be "precluded from thereafter asserting any cause of action against Enrich arising out of any transaction or occurrence alleged in the Complaint filed herein." Welles failed to join the action.

Enrich then filed a motion to dismiss for lack of subject matter jurisdiction, asserting that Michelson had no standing to pursue the instant action. Enrich asserted that, based upon Michelson's deposition testimony and upon the content of Michelson and Welles's tax returns, Michelson had assigned his interest in the Enrich distributorship to Welles. Finding that there "was an agreement that all income from Enrich belonged to Welles[,] Inc." and that "Welles, Inc., is the true party in interest and Mr. Michelson does not have standing to bring this action," the district court granted Enrich's motion to dismiss for lack of subject matter jurisdiction.

The district court certified its order dismissing Michelson's complaint for lack of standing for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b). This Court granted Michelson's petition for permission to appeal, providing that the issues for appeal shall be: "(a) whether Welles, Inc., is the true party in interest; and (b) whether Mr. Michelson has standing to bring this action."

## II.

We review de novo the district court's dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). We review the district court's findings of jurisdictional facts for clear error. Id.

In its motion to dismiss, Enrich challenged the existence of subject matter jurisdiction based upon facts developed through discovery. Enrich did not mount a challenge to jurisdiction based upon the face of Michelson's complaint. Therefore, the district court considered materials outside the pleadings and made factual findings when granting the motion to dismiss.

Where the resolution of the jurisdictional question is not intertwined with the merits of plaintiff's case, a district court may consider evidence outside the pleadings and resolve factual disputes without converting a Rule 12(b)(1) motion into a Rule 56 motion. Wheeler v. Hurdman, 825 F.2d 257, 259 n.5 (10th Cir.

1987).  In examining the jurisdictional issue, the district court considered Michelson's deposition testimony that he had agreed with Welles that income generated by the Enrich distributorship would belong to Welles.  The district court also considered the tax returns of Michelson and Welles to determine whether the agreement between Michelson and Welles was carried out.

In essence, to resolve the jurisdictional questions, the district court determined who was entitled to the income from the Enrich distributorship.  This inquiry demonstrates that the district court's review of the jurisdictional question is not intertwined with the merits of Michelson's case.  Michelson's case centers on whether Welles, acting through Michelson, breached the distributorship agreement, and whether Enrich acted properly in terminating the distributorship.  Accordingly, the district court properly treated Enrich's motion as one brought pursuant to Rule 12(b)(1).

### III.

Our independent determination of the issues uses the same standard employed by the district court. Olguin v. Lucero, 87 F.3d 401, 403 (10th Cir. 1996).  A party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.  See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).  When a Rule 12(b)(1) motion challenges the substance of a complaint's jurisdictional allegations, the plaintiff must

"'present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.'" New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495, 1499 (10th Cir. 1995) (quoting St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989)).

## A.    Real Party in Interest

On appeal, Michelson contends that both he and Welles are the true parties in interest under Fed. R. Civ. P. 17(a), as they are joint owners of the Enrich distributorship at issue.

Rule 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). In diversity cases, a federal district court must examine the substantive law of the state in which it is located to determine whether a plaintiff is the real party in interest. Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). Where the issue of whether an assignor or an assignee of an assigned claim or right is the real party in interest—giving him the right to maintain an action on the claim or right—is determined by reference to the substantive law of the state in which the federal court sits. Hoeppner Constr. Co. v. United States for Use of Mangum, 287 F.2d 108, 111 (10th Cir. 1960) (citing Taylor Co. v. Anderson, 275 U.S. 431, 437 (1928)).

Pursuant to Utah law, where an account, claim, interest, or debt has been effectively assigned, the general rule is that an assignee is the real party in

interest. Rule 17(a), Utah Rules of Civil Procedure; <u>Lynch v. MacDonald</u>, 367 P.2d 464, 468 (Utah 1962) (assignee is the real party in interest); <u>Empire Land Title, Inc. v. Weyerhaeuser Mortgage Co.</u>, 797 P.2d 467, 470 (Utah Ct. App. 1990) (same).

The district court determined by reference to transcripts of Michelson's deposition and to Michelson and Welles's tax returns that Michelson had assigned his rights to income from the Enrich distributorship to Welles. We review the court's factual findings for clear error. <u>Holt</u>, 46 F.3d at 1002-03.

### 1. Deposition Testimony and Tax Returns

In his deposition, Michelson clearly states that there was an agreement that the income from the Enrich distributorship belonged to Welles. During the deposition, the following exchanges took place:

> Question: Did you report all of your–all of the income from the Enrich distributorship through Welles, Inc. for '96?
> Answer: I believe so, yes.
>
> Question: And so, as between you and Welles, Inc. there was an agreement that the income belonged to Welles, Inc., and that's why your (sic) reported it that way?
> Answer: Yes.
>
> Question: ... As between you and Welles, Inc. there was an agreement that the income from the Enrich distributorship was to go to Welles, Inc. [a]nd therefore be reported on Welles Inc.'s tax return?
> Answer: I believe so, yes.

Michelson also testified in his deposition that the agreement between himself and Welles never changed.

The tax returns of Welles and Michelson for the years 1996 and 1997 confirm that beginning in 1996, the year Welles became a part of the Enrich distributorship, all income from the distributorship was reported to the Internal Revenue Service as income to Welles, rather than Michelson. Further, Michelson's testimony confirmed that beginning in 1996, the income from the Enrich distributorship was reported on Welles's return, rather than his own personal return.

Based upon Michelson's deposition testimony, and a review of the relevant tax returns, the court finds no clear error in the district court's factual finding that Michelson assigned his interest in the distributorship agreement to Welles. Furthermore, because Michelson assigned his rights to the Enrich distributorship to Welles, the court affirms the district court's finding that under Utah law, Welles, rather than Michelson, was the true party in interest in this action.

### 2. Michelson's Affidavit

Michelson submitted an affidavit to the district court stating that he did not assign the Enrich distributorship's income to Welles. Michelson argues it was error for the district court to not consider his affidavit when issuing its order of dismissal. We find no clear error in disregarding Michelson's affidavit.

In his affidavit, presumably submitted to the district court in response to defendant's motion to dismiss for lack of subject matter jurisdiction, Michelson makes statements in direct conflict with his prior deposition testimony. As noted, Michelson testified that he had entered into an agreement with Welles that the income from the Enrich distributorship would be given to Welles and reported on Welles's tax returns. Michelson's affidavit, asserting no assignment took place, is in direct conflict with his prior testimony.

Where an affidavit attempts to create a sham fact issue by contradicting sworn deposition testimony, it may be properly disregarded by the court. Rios v. Bigler, 67 F.3d 1543, 1551 (10th Cir. 1995). Here, Michelson was represented by counsel at his deposition. However, Michelson's counsel made no objections to questions asked during the deposition, nor did he attempt to cure any errors by cross examination at the close of direct examination. Following his deposition, Michelson had an opportunity to review and correct his testimony. Although he made corrections, Michelson did not make changes to the testimony at issue here. We note that Michelson did not come forward with his contradictory affidavit until after Enrich filed its motion seeking dismissal. Furthermore, Michelson did not assert in his affidavit, or on appeal, that new evidence relevant to the assignment issue became available following his deposition testimony. See Franks v. Nimmo, 796 F.2d 1230, 1237 (10th Cir. 1986) ("Factors relevant to the

existence of a sham fact issue include whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit attempts to explain.").  Under these circumstances, we conclude that the district court did not commit clear error by disregarding Michelson's contradictory affidavit.

**B.    Standing**

Michelson also contends on appeal that he has standing to bring the instant action.  To establish standing under Article III of the Constitution, Michelson must meet three requirements in order to establish Article III standing.  First, he must demonstrate that he has "suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal quotations and citations omitted).  Second, he must establish causation— "a causal connection" between the injury and the defendant's conduct.  Id.  Third, he must demonstrate redressability—it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id.  "The party invoking federal jurisdiction bears the burden of establishing these elements." Id. at 561.

Michelson has not established that he has suffered an injury in fact related to the loss of income from the Enrich distributorship or that a favorable decision would redress any injury to him. Michelson has failed to demonstrate that following his assignment of the rights to income in the Enrich distributorship to Welles, he retained any interest in that income. It is apparent, based upon Michelson's testimony, that his agreement regarding the distribution of income with Welles never changed, and therefore, Michelson's assignment remained in effect as of the time this litigation commenced.

Even assuming Enrich breached the independent distribution agreement entered into with Michelson, thereby resulting in a loss of income to the distributorship, where Michelson retained no rights to the income from that distributorship, he cannot establish that he has a "personal stake" in the dispute and that the alleged injury suffered is particularized as to him. Raines v. Byrd, 521 U.S. 811, 819 (1997). Whatever interest Michelson once had in lost income resulting from a breach of the Enrich distribution agreement was forfeited when he agreed with Welles that all income from the distributorship would belong to Welles. Therefore, even if a favorable decision were entered awarding lost income, Michelson cannot show entitlement to such award.

Accordingly, because Michelson had no interest in the income from the Enrich distributorship at the time this action was initiated, he cannot establish

standing to bring the suit. Lujan, 504 U.S. at 570 n.5 (standing is assessed at the time the action is commenced). Therefore, the district court had no subject matter jurisdiction over the action from its inception. Powder River Basin Res. Council v. Babbitt, 54 F.3d 1477, 1484 (10th Cir. 1995) (noting the jurisdiction of the court dependent upon the state of things at the time an action is filed).

The judgment of the district court dismissing plaintiff's complaint for lack of subject matter jurisdiction is AFFIRMED.

Entered for the Court

Carlos Murguia
District Judge