Herman E. Cooper, of New York City (Herman E. Cooper and Irving Rozen, both of New York City, of counsel), for plaintiffs.

Mudge, Stern, Williams & Tucker, of New York City (Paul D. Miller and Milton Black, both of New York City, of counsel), for defendant.

COXE, District Judge.

This action was commenced on September 8, 1947, or nearly four months after May 14, 1947, the effective date of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq. It is therefore plainly dis-

## MINOR v. MINOR.
### Civil Action No. 314.

District Court, D. Nebraska, Grand Island Division.

Dec. 17, 1947.

Paul F. Good (Monsky, Grodinsky, Good & Cohen), of Omaha, Neb., for plaintiff.

W. R. Metz (Boyd & Metz) and L. H. Henderson, both of Alliance, Neb., for defendants.

DELEHANT, District Judge.

The plaintiff, Charlotte A. Minor, a citizen of California, brings this action against Harry Minor, a citizen of Nebraska (who will be referred to hereafter in the singular number, as the defendant), both as an individual and in his designated representative capacity, and prays for a decree adjudging her, as the alleged surviving wife of Joseph H. Minor, deceased, to be the owner of a fractional share of the property of his estate. The presence of a controversy in value largely exceeding the jurisdictional amount is unquestioned. Jurisdiction exists, and is not challenged.

The defendant, proceeding separately in each of his capacities, has filed identical motions under Rule 12(b) (6), Federal Rules of Civil Procedure, Title 28 U.S.C.A. following section 723c, for the dismissal of the action upon the ground that the complaint fails to state a claim upon which relief can be granted.

The court is persuaded that the motions must be denied. And, because the substantive legal issue most seriously considered upon the submission of the motions will remain for determination in the final submission of the action, it is appropriate that the present discussion proceed no farther than the declaration of the narrow ground upon which the present ruling rests.

By way of a meagre summary, the complaint alleges that, although upon the plaintiff's petition, the plaintiff and Joseph H. Minor were ostensibly divorced by a decree of the District Court of Grant County, Nebraska, under date of March 22, 1945, the decree was, and is, void because it was made and given, and the hearing resulting in it was had, at the chambers of one of the judges of the judicial district comprising Grant and Howard, along with other, counties, in St. Paul, in Howard County, Nebraska. And upon that premise, the death of Joseph H. Minor having meanwhile intervened, the plaintiff claims to be his widow and, as such, to be entitled to a share in the property owned by him when he died.

The defendant, in support of his motions, filed and sought to introduce in evidence upon the hearing on the motions, the affidavit in duplicate of one of his attorneys showing principally that the divorce action alleged in the complaint was brought and prosecuted entirely in the District Court of Grant County, Nebraska, that, through the procurement of the plaintiff, by her then counsel, and after the entry of a voluntary appearance by Joseph H. Minor, the parties to that action by stipulation and agreement in writing, caused one of the judges of the judicial district in which both Grant and Howard Counties are located to hear in his chambers in St. Paul, Nebraska, the action, in which Joseph H. Minor had filed no answer; that the hearing was so held and decree entered. Thus the defendant sought to support the validity of the decree of divorce under Section 24-317, R.S.Neb. 1943, relating to the jurisdiction of a district judge in chambers. That section of the statutes of Nebraska provides that: "A judge of the district court may sit at chambers any where within his district, and upon ten days' notice to the adverse party or his attorney of record, shall have power to * * * (11) enter judgment by default; (12) hear and enter judgments in equity cases upon agreement and stipulation of both parties to the action."

The plaintiff objected to the receipt in evidence, and to the consideration upon the submission of the motions to dismiss, of the affidavit. And the question whether it should be considered is the problem which first confronts the court. That question, in the present case, should be answered negatively.

It should be made clear that the court is not led to the conclusion upon the basis of any regard for—much less by the application of—the proposed revision of Rule 12(b) now before the Congress, whereunder, if, on a motion to dismiss for failure to state a claim upon which relief can be granted, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Contrary to the apparent supposition of counsel, the amendment is not yet effective. The recent recess of the Congress was not had in consequence of an adjournment in strict parlance; and the regular session at the beginning of which the proposed revision of rules was submitted to the Congress has not yet closed within the meaning of Section 2, of the Act of June 19, 1934, Ch. 651, 28 U.S.C.A. § 723c. Until the amendment is operative the original rule is to be administered. It is true that trial courts administering the rules have occasionally applied Rule 12(b) (6) substantially in the manner indicated by the amendment. See Boro Hall Corporation v. General Motor Corporation, 2 Cir., 124 F.2d 822, and Samara v. United States, 2 Cir., 129 F.2d 594, in each of which cases, however, both parties elected to, and did submit affidavits upon the presentation of the motions. But the practice does not appeal to this court as necessary or as reasonably indicated in the present situation.

The affidavit actually tenders an asserted defense to the plaintiff's claim. That it may not directly and strictly deny any allegation of the complaint does not nullify that construction of it. At least, it extends and amplifies the allegations of the complaint and undertakes to give them a setting and character quite at variance with their quality as disclosed in the complaint. In that effort, it presents questions both of law and of fact. That is true though the further facts asserted in the affidavit may develop upon the trial to be unassailable. Thus far, they are merely alleged. The plaintiff does not admit even their formal verity, and certainly she has not forfeited her right to obviate their consequence by either denial or explanatory facts.

The prevailing practice contemplates that substantial questions which are, either entirely or in material part, factual be resolved by trial upon the merits and not upon a motion to dismiss. The reasoning which leads to that course argues with equal persuasiveness that a plaintiff's allegations in his complaint should not be nullified with the consequence of the action's dismissal by their denial or explanatory circumvention in ex parte affidavits. The de-

818

fendant argues that Young v. Garrett, 8 Cir., 149 F.2d 223, 225, commits the Circuit Court of Appeals for the eighth judicial circuit to the contrary view. But in this effort, he mistakes the effect of Young v. Garrett. While the motion there sustained did originally include a motion to dismiss for failure to state a claim supporting the granting of relief, the judgment of dismissal reviewed in the case was upon the ground also assigned in the motion, of "lack of indispensable parties" which would defeat diversity of citizenship. It was only upon that preliminary, though essential, element of jurisdiction and, "since all of the facts relied upon to show indispensability did not appear in the petitions" (see 149 F.2d at page 223 and note 1), that evidence concerning those facts was said properly to have been presented by affidavits. Moreover, both parties to the cited case presented the affidavits and apparently consented to the submission in that fashion of the factual questions. Here, on the contrary, the plaintiff makes timely challenge against that method of presentation; and the factual questions arise not upon jurisdiction but respecting essential elements of the plaintiff's substantive claim. Young v. Garrett is, therefore, distinguishable from the present case at this juncture.

Even less persuasive in support of the defendant's position touching the affidavit as an authority from another circuit is Gallup v. Caldwell, 3 Cir., 120 F.2d 90, 93, which he cites. There Judge Goodrich, though granting that the showing then before the court should be considered on a motion to dismiss, expressly limited the reach of his ruling by this language: "In so holding, we do not indicate that disputed questions of fact involved in the merits of claim or defense may necessarily be fought out as preliminary issues raised upon motions. The affidavits filed by the parties here raised no fact controversy, but a question of law."

Like caution is perceived in Carroll v. Morrison Hotel Corporation, 7 Cir., 149 F. 2d 404, 407, which approved the consideration of an affidavit in support of a motion to dismiss for failure to state a claim "where the affidavit raised no fact controversy, but a question of law."

The practice of determining a motion to dismiss upon the allegations of the complaint is supported by Cohen v. United States, 8 Cir., 129 F.2d 733, 736, in which the impropriety of the trial court's action in making findings of fact beyond those alleged in the complaint, in support of its allowance of a motion to dismiss, was declared. See also Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302; Sparks v. England, 8 Cir., 113 F.2d 579; Cooper v. O'Connor, 71 App.D.C. 6, 107 F.2d 207, 209; United States v. Association of American Railroads, D.C.Neb., 4 F.R.D. 510; Schwartzman v. United Air Lines Transp. Corp., D.C.Neb., 6 F.R.D. 517; and Twigg v. Yale & Towne Mfg. Co., D.C. N.Y., 7 F.R.D. 488, 491. In the recent case last cited the court (Leibell, D.J.) said: "Whether or not certain other claims pleaded in the complaint are properly the subject of suit in this Court in view of the provisions of the Portal-to-Portal Act [29 U.S.C.A. § 251 et seq.], is a mixed question of fact and law, which cannot be considered on a motion directed to the pleadings under Rule 12(b) (1) and (6)."

The court, therefore, acts in this case upon the motion to dismiss, without resort to the allegations of the affidavit. It is not necessary to decide, and the court expressly abstains from declaring, that affidavits in support of motions to dismiss are to be disregarded in all cases. Nothing is determined upon that point beyond the exclusion of the present affidavit, in its own setting and context.

■ Considering only the complaint the court, without elaboration or discussion, holds that, within its averments, a factual history might conceivably be made out in the way of evidence which would warrant the grant of relief to the plaintiff. A complaint meeting that test is invulnerable to attack by a motion to dismiss for failure to state a claim supporting the allowance of relief. The motions must, therefore, be denied, and the defendant must be remitted to his answer for the averment of his defense. Cohen v. United States, supra; Sparks v. England, supra; Leimer v. State Mutual Life Assurance Co., supra; Louisiana Farmers Protective Union v. Great A & P Tea Co., 8 Cir., 131 F.2d 419; Musteen v.

Johnson, 8 Cir., 133 F.2d 106; Cool v. International Shoe Co., 8 Cir., 142 F.2d 318; United States of America v. Association of American Railroads, supra; Schwartzman v. United Air Lines Transp. Corp., supra.

An order is being entered accordingly.