## CLEARY
v.
## SOUTH BUFFALO RY. CO.
Civ. 6150.

United States District Court
W. D. New York.
June 8, 1954.

Findlay, Argy & Hackett, Niagara Falls, N. Y., for defendant South Buffalo Ry. Co., Paul H. Reid, Jr., Niagara Falls, N. Y., of counsel.

John F. ·Canale, Buffalo, N. Y., for Buffalo Sintering Corp.

KNIGHT, Chief Judge.

Third-party defendant, Buffalo Sint-ering Corporation, has moved to dismiss the third-party complaint because no claim is stated against the third-party defendant upon which relief can be granted.

In the third-party complaint it is alleged that there exists a contract between third-party plaintiff and third-party defendant relating to premises of third-party defendant whereon the injuries to plaintiff occurred. Also that the third-party defendant agreed to indemnify third-party plaintiff for any damages or liability resulting from an act or omission of said third-party defendant and to share equally any loss or expense arising from the joint or concurring negligence of third-party plaintiff and third-party defendant. Further, that plaintiff's alleged injuries were caused either in whole or in part by the negligence of the third-party defendant in its neglect and failure to inspect and keep the tracks and switches in proper working order and notify third-party plaintiff of the condition of said tracks and switches located on the premises of third-party defendant whereon plaintiff was injured.

The allegations of the third-party complaint seem to state a cause of action and to be within the rules of pleading. Rule 8(a), (e) (1), (e) (2) and (f), Rules of Civil Procedure, 28 U.S.C.A.; Twigg v. Yale & Towne Mfg. Co., D.C., 7 F.R.D. 488. The present motion appears to have been made, without so indicating, pursuant to Rule 12 (b) (6), Rules of Civil Procedure. The matters raised by the third-party complaint are factual and should await the trial for their disposition. The third-party defendant may assert any defenses which it has to plaintiff's claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. Rule 14(a), Rules of Civil Procedure. The motion here is tantamount to a motion for summary judgment. Rule 56, Rules of Civil Procedure; Sauters v. Young, D.C., 118 F.Supp. 361; Minor v. Minor, D.C., 74 F.Supp. 815.

Here the third-party defendant has been drawn in and tendered to plaintiff as a party wholly or partly liable. Plaintiff may, by further pleading accept or refuse the tender. Satink v. Holland Tp., D.C., 31 F.Supp. 229; People of State of Illinois, for Use of Trust Co. of Chicago v. Maryland Casualty Co., 7 Cir., 132 F.2d 850, 855.

The primary object of bringing in a third party defendant is to avoid circuity of action and thus finally in one litigation dispose of the entire subject matter arising from the particular set of facts and accomplish justice for all concerned with economy but without prejudice to the rights of another. United States v. Pryor, D.C., 2 F.R.D. 382.

Neither in the movant's papers nor on the oral argument did the third-party defendant attack the sufficiency of the third-party complaint, with respect to the third-party plaintiff, but

only that in the plaintiff's complaint no claim was made against any one other than the third-party plaintiff and, therefore, plaintiff could not recover from the third-party defendant. Movant has failed to observe that plaintiff may wish to accept third-party plaintiff's offer of another defendant. In that respect third-party defendant is premature in its motion, which may be renewed at the trial, if then warranted.

The motion of third-party defendant is denied. Present order.