Mary O. SWENSON, Plaintiff,

v.

Arlie J. SUHL and Mary Suhl, doing business as Suhl Trailer Court, Defendants,

and

Peoples Natural Gas Company, a division of Northern Natural Gas Company, a corporation, Third-Party Defendant.

Keith SWENSON, a minor, by his father and next friend, Gene L. Swenson, Plaintiff,

v.

Arlie J. SUHL and Mary Suhl, doing business as Suhl Trailer Court, Defendants,

and

Peoples Natural Gas Company, a division of Northern Natural Gas Company, a corporation, Third-Party Defendant.

Gene L. SWENSON, Plaintiff,

v.

Arlie J. SUHL and Mary Suhl, doing business as Suhl Trailer Court, Defendants,

and

Peoples Natural Gas Company, a division of Northern Natural Gas Company, a corporation, Third-Party Defendant.

Civ. Nos. 038–040.

United States District Court
D. Nebraska.
Sept. 21, 1956.

Charles S. Reed and Franklyn K. Norris, Omaha, Neb., for all plaintiffs.

Harry B. Otis and H. David Neely, of Neely, Otis & Neely, and Rudolph Tesar, of Tesar & Tesar, Omaha, Neb., for defendants Suhl.

G. L. DeLacy, of Kennedy, Holland, DeLacy & Svoboda, and Ralph Blodgett, Omaha, Neb., for third-party defendant.

DELEHANT, Chief Judge.

This memorandum is equally applicable in cases numbered 038, 039 and 040. Upon a related subject in them the court prepared and filed a memorandum on April 17, 1956 (filing 21 in 038) accompanying and announcing an order granting a motion by defendants for leave to make Peoples Natural Gas Company, a division of Northern Natural Gas Company, a corporation, a third-party defendant herein, and to serve a third-party complaint on it. Filing of that memorandum was made only in case numbered 038, but in each of cases numbered respectively 039 and 040, incorporating reference was made to the memorandum. The same practice is being followed with this memorandum.

In pursuance of the orders accompanying the memorandum of April 17, 1956, a third-party complaint was served and filed in each case as against the third-party defendant and, in each case a third-party summons was served upon it. Shortly thereafter, and, without answering, the third-party defendant served and filed in each case a motion to vacate the

order of April 17, 1956 whereby the third-party procedure was allowed.

After careful study of the records before it, and of the exhaustive and gratifyingly competent briefs of counsel, the court has concluded that none of the motions is well taken. Accordingly, they are severally being denied and overruled. In view of the fact that the ruling thus announced leaves each case pending for trial, it is considered by the court to be wholly inappropriate that discussion be advanced in this memorandum upon the several points tendered by counsel in their briefs upon the motions. That omission occurs with acknowledged reluctance because of the manifest thoroughness with which counsel have presented their respective positions.

In each of the third-party complaints defendants make the following allegations in a paragraph numbered 2:

"Said defendants are entitled to recover from third party defendant, Peoples Natural Gas Company, a division of Northern Natural Gas Company, a corporation, the amount required to be paid to said plaintiff if any for the reason that on or about October 14, 1955, third party defendant contracted with defendant Arlie J. Suhl to convert the hot water heating plant owned by said Suhl, referred to in plaintiff's complaint, from one fueled by liquified petroleum gas to one heated by natural gas supplied by said third party defendant. As the proximate result of the negligence of the third party defendant in effecting said conversion and making the necessary installation on October 14, 1955, the explosion of October 19, 1955, described in plaintiff's complaint, occurred."

It may be noted, without present significance, that, in the way of typographical errors, the date of the contract between third-party defendant and Arlie J. Suhl is stated in number 039 to have been October 14, 1956, and the date of the explosion is stated in number 040 to have been October 19, 1956. Defendants' counsel should seasonably attend to and effect the appropriate corrections.

It was formerly the opinion of the writer hereof (see filing 21 in 038) that the foreshadowing of such an allegation warranted the exercise of this court's discretion in favor of the allowance of the third-party procedure. The third-party complaints having thus been served and filed, it is now the opinion of the writer that the allegations actually made require the exercise of a like discretion in favor of keeping that procedure on foot and denying the motions now pending.

■■ The court readily agrees with third-party defendant upon two propositions which it advances. The first of these is that a motion for the vacation of an order allowing third-party procedure, as also a motion in the first instance for its allowance, is addressed to the mature and informed discretion of the court. Bill Curphy Company v. Lincoln Bonding and Insurance Company, D.C. Neb., 13 F.R.D. 146. There seems to be no disparity of view between counsel in that respect. The second such point is that, though not by strict technical provision, nevertheless in substantial consequence, a motion of the present character is to be considered much after the manner of a motion for summary judgment, tendered in behalf of a defending party, under Rule 56(b), Fed.Rules Civ. Proc. 28 U.S.C.A., Cleary v. South Buffalo Railway Co., D.C.N.Y., 16 F.R.D. 24. And no contention upon this proposition emerges from the briefs of counsel.

But in advancing the second point, third-party defendant immediately encounters what for it is a disturbing consideration. For it runs afoul of the stern test which the courts have proposed for the allowance of a motion for summary judgment. It may be remarked that this test is probably enforced as rigidly within the Eighth Circuit as anywhere in the nation. In support of that suggestion reference is made to Traylor v. Black,

Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213, 216; and Warner v. First National Bank of Minneapolis, 8 Cir., 236 F.2d 853. In the latter case, as recently as September 11, 1956, the court, in an opinion by Judge Van Oosterhout, cited and followed the ruling in the Traylor case. See also, for the position upon the subject of the Supreme Court, Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967.

■ In principle, there is some analogy, too, between the approach which a court must make to a motion before answer to terminate third-party procedure on the grounds specified in these cases, on the one hand, and, on the other, the appraisal of a defendant's motion for dismissal under Rule 12(b) (6) on the ground of a complaint's failure to state a claim on which relief can be granted. And motions of the latter character are dealt with no more generously than motions under Rule 56 for summary judgment. Thus, it is held that, upon a motion to dismiss under Rule 12(b) (6), a plaintiff is entitled to a liberal construction of his complaint and that the complaint should be construed in the light most favorable to the plaintiff and with all doubts resolved in his favor. And it is held to be error to dismiss a complaint on the ground of its insufficiency of the statement of a claim on which relief can be granted unless "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim asserted by him". Moreover, to the consternation of many members of the legal profession devoted to the traditions of state court practice, it is not necessary for a claimant to "allege facts sufficient to constitute a cause of action" in his behalf. The abolition of the demurrer by Rule 7(c) is purposeful and effective, not mere "double talk". Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302; Sparks v. England, 8 Cir., 113 F. 2d 579; Musteen v. Johnson, 8 Cir., 133 F.2d 106; Publicity Building Realty Corporation v. Hannegan, 8 Cir., 139 F.2d 583; Cool v. International Shoe Co., 8 Cir., 142 F.2d 318; and United States v. Arkansas Power & Light Co., 8 Cir., 165 F.2d 354.

■ The references made in the last preceding paragraph have present significance especially since two of the specifications of the pending motions assert respectively that a) the third-party complaint does not state any facts upon which the third-party defendant is or may be liable to defendants for all or any part of plaintiffs' claims against defendants, and b) such complaint does not allege facts sufficient to establish that third-party defendant may be liable to defendants for all or part of plaintiffs' claims against defendants. Those assertions are now rejected in furtherance of the reasoning which, under the authorities last cited, supra, must govern this court in its appraisal of pleadings challenged for insufficiency in the assertion of their claims.

Since the court's rulings under date of April 17, 1956, much pretrial discovery has been effected in the cases. Besides extensive interrogatories and their answers, the files disclose depositions of D. C. Brydges, Frank Panek and Robert C. Peterson, all taken in behalf of plaintiff, and of Harold Stark taken in behalf of the original defendants. The moving third-party defendant relies in support of its motions upon many features of those depositions and also upon an affidavit of one John S. Adams, its Chief Engineer, as well as upon sundry exhibits produced with the depositions or affidavit. And it has graciously facilitated the court's study by the preparation and submission of abridgements of the depositions in the way of selected excerpts from them. These have been helpful and have been studied, along with the depositions themselves.

The court understands the moving third-party defendant to contend that, upon the basis of the pleadings, the discovery proceedings and depositions, and the record thus made, it has demonstrat-

ed conclusively that it is not, and cannot by law be considered to be, actually or potentially liable to the defendants for all or any part of plaintiffs' several claims against defendants.

It is to be recognized that in its present form Rule 14(a) allows a defendant to bring a third-party defendant into an action, if, but only if, the third-party defendant "is or may be liable to him for all or part of the plaintiff's claim against him." It is not required that a defendant show that the proposed third-party defendant *is* actually liable to him. It is enough that he allege that he *may be* so liable. And on this occasion the court's inquiry proceeds no farther than that test.

From the factual standpoint, it has to be said that the showings upon which third-party defendant relies in support of its motions may be considered to challenge the truth of the language quoted, supra, from the third-party complaints. But two features at once arise to impair the argument made from such supposed challenge. First, the testimony heavily relied upon does not possess the attributes of finality and completeness or preclude the possibility that evidence may be adduced upon the trial in dispute of it. Secondly, it goes no farther, when evaluated against the back drop of the third party complaints, than to disclose the existence of an issue of fact. And by the logic of the decisions cited, supra, in reference to Rules 12(b) (6) and 56(b) the existence of such an issue intercepts the summary disposition of the controversies.

As a matter of law, third-party defendant argues for its motions upon the premise that, by the applicable law of Nebraska, there is no right of contribution as between joint, or concurrent, tort-feasors whose acts or omissions combine to produce a result involved in litigation. And from that proposition it proceeds to urge the conclusion that no liability may be found to exist in favor of the defendants as against it for all or any part of plaintiffs' claims which may be adjudged against the defendants. The court is disposed to agree with its position that Nebraska's courts do not ordinarily allow contribution between joint or concurrent tort-feasors, especially in negligence actions. See discussion in Andromidas v. Theisen Bros., D.C.Neb., 94 F.Supp. 150.

But the issue here is not one of contribution. Defendants do not seek, even contingently, a judgment for contribution against the third-party defendant. Their claim against it is much more sweeping. They allege that if they be liable at all to plaintiffs, such liability arises solely because of negligent acts or omissions of third-party defendant in the execution of work by it done for defendants upon their premises, under a contract between defendants, through Arlie J. Suhl, and third-party defendant. Thereby, they are understood to assert that if they be liable at all it is only upon the principle of respondeat superior, by reason of their accountability as principal for the wrong done by third-party defendant as their agent. It is quite true that, for obvious reasons, they do not formally argue thus forthrightly, and rather insist unconvincingly that their position, at worst, is that of the creators of a "condition" within which third-party defendant's negligence operated as a proximate cause. But the assertions of their answers as also of the third-party complaints, too clearly for oversight, introduce the element of third-party defendant's agency for them in the execution of the work it did. So, what they seek is not really contribution but indemnification from the party which, they contend, was actively negligent and, as between them and it, must primarily bear the burden of its wrong. The court considers, therefore, that an agreement with third-party defendant upon the issue of the right to contribution does not alone and adequately support its present demand.

Orders in harmony herewith are being made and given in the several cases.