## 1343

John M. BEACH, John G. Sheffield, Jr., and Sam R. Collins, Plaintiffs v. Lois Q. HUDSON, Defendant Third-Party Plaintiff/Appellant v. Vernon SMITH, C. Jerry Hawkins, Machawk, Inc., and Meybohm Realty, Inc., Third-Party Defendants/Respondents.

(380 S. E. (2d) 869)

Court of Appeals

*Richard L. Pearce*, of *Toole & Toole*, Aiken, *for defendant third-party plaintiff/appellant.*

*Charles W. Coleman*, of *Coleman & Pettigrew*, Edgefield, *for third-party defendants/respondents.*

*John L. Creson*, of *Surrett, Walker, Creson & Colley*, Augusta, Georgia, *for plaintiffs.*

Heard April 19, 1989.

Decided May 30, 1989.

GOOLSBY, Judge:

Lois Q. Hudson appeals from an order striking her third-party complaint against the third-party defendants Vernon Smith, C. Jerry Hawkins, Machawk, Inc., and Meybohm Realty, Inc. We affirm.

The plaintiffs John M. Beach, John G. Sheffield, Jr., and Sam R. Collins brought this action against Hudson seeking specific performance of a contract to sell them approximately 33 acres of land in Edgefield County for $90,000 or, alternatively, damages of $20,000 for breach of the contract to sell.

Hudson's answer specifically denies "there was any contract" between her and the plaintiffs.

Hudson later served, with leave of the court, a summons and third-party complaint upon the third-party defendants, alleging seven causes of action. Hudson alleges in the third-party complaint that she and the third-party defendants entered into an exclusive contract to sell the Edgefield County property, that Hawkins coerced her into signing the contract to sell to Beach, that she changed her mind about selling the property and told Hawkins not to deliver the contract, and that Hawkins nevertheless delivered the contract to Beach.

Her first cause of action alleges the third-party defendants exceeded the scope of their authority under the agreement listing the subject property for sale; the second cause of action alleges they defrauded her; the third cause of action alleges they committed outrage in their handling of the transaction; the fourth cause of action alleges they breached a reasonable standard of care in representing her in the transaction; the fifth cause of action alleges they were negligent, wilful, reckless, wanton, and grossly negligent in certain particulars; the sixth cause of action alleges they breached the listing agreement; and the seventh cause of action alleges their actions violated the South Carolina Unfair Trade Practices Act.

By each of the first five causes of action, Hudson seeks actual and punitive damages; by the sixth cause of action, she seeks only actual damages; and by the seventh cause of

action, she seeks treble actual damages and attorney fees.

Following service of the summons and third-party complaint, the third-party defendants moved to strike the third-party complaint in its entirety. The trial court initially denied the motion but later granted it after the third-party defendants moved the court to amend its judgment.

Rule 14(a) of the South Carolina Rules of Civil Procedure, like its federal counterpart, FED. R. CIV. P. 14(a), allows any party, including a third-party defendant, to "move to strike the third-party claim, or [move] for its severance or separate trial." *See* 6 C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1460 at 320-21 (1971) ("A motion to strike . . . is not limited to situations in which impleader has taken place without the court's leave but, as indicated by the unrestricted language of Rule 14(a), may be directed at any 'third-party claim.' . . . [A third-party defendant] should be allowed to challenge the third-party proceedings after the court has exercised its discretion to bring him in as a third party and he has been served with process and the third-party complaint."). The question of whether to grant a motion to strike a third-party claim, whether filed with or without the leave of court, is addressed to the sound discretion of the trial court. *See Swenson v. Suhl*, 19 F.R.D. 517, 519 (D. Neb. 1956) ("[A] motion for the vacation of an order allowing third-party procedure, as also a motion in the first instance for its allowance, is addressed to the mature and informed discretion of the court.")

When considering a request to strike or to sever a third-party claim, the court may properly consider "the effect the additional parties and claims will have on the adjudication of the main action-in particular, whether continued joinder will serve to complicate the litigation unduly or will prejudice the other parties in any substantial way." 6 C. WRIGHT AND A. MILLER, *supra* § 1460 at 319.

In our view, the assertion against four additional parties of seven additional causes of action in the third-party complaint, involving as those causes of action do allegations, among other things, of fraud, negligence, recklessness, outrage, and unfair trade practices, treble damages, and repeated demands for punitive damages,

will unduly complicate the adjudication of the relatively simple contract action brought by the plaintiffs. Indeed, the causes of action asserted by Hudson, if tried alongside the plaintiffs' claim, would all but submerge the plaintiffs' claim.

We therefore find no abuse of discretion by the trial court in granting the motion by the third-party defendants to strike the third-party complaint, even were we to conclude that each of the causes of action asserted therein under Rule 14(a) is, as Hudson argues, dependent on the outcome of the plaintiffs' claim. *See* 6 C. WRIGHT AND A. MILLER, *supra* § 1446 at 246 ("A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant.").

Hudson's remaining argument that the trial court "applied the wrong scope of review when reconsidering its previous order" is not overlooked; however, we do not consider it. The argument, though it purports to embrace Exception Nos. 2 and 3, deals only with the former and it advances contentions in support of Exception No. 2 that either were not raised, so far as we can determine, at the trial court level or were not preserved by any proper exception. *See Sartor v. Ward,* 262 S. C. 398, 205 S. E. (2d) 1 (1974) (an exception not argued in the brief is deemed abandoned); *Mackey v. Kerr-McGee Chemical Co.,* 280 S. C. 265, 312 S. E. (2d) 565 (Ct. App. 1984) (an issue either not raised below or not properly preserved by exception presents no question for determination on appeal).

Affirmed.

GARDNER and CURETON, JJ., concur.